1  Courtland L. Reichman (SBN 268873)
   MCKOOL SMITH HENNIGAN, P.C.
2  255 Shoreline Drive, Suite 510
   Redwood Shores, CA 94065
3  Telephone: (650) 394-1400; Facsimile: (650) 394-1422
   creichman@mckoolsmith.com
4
   Steven J. Pollinger (*pro hac vice* application to be filed)
5  Geoffrey L. Smith (*pro hac vice* application to be filed)
   MCKOOL SMITH, P.C.
6  300 West 6th Street, Suite 1700
   Austin, Texas 78701
7  Telephone: (512) 692-8700; Facsimile: (512) 692-8744
   spollinger@mckoolsmith.com; gsmith@mckoolsmith.com
8
   Steven Callahan (*pro hac vice* application to be filed)
9  MCKOOL SMITH, P.C.
   300 Crescent Court, Suite 1500
10 Dallas, Texas 75201
   Telephone: (214) 978-4000; Facsimile: (214) 978-4044
11 scallahan@mckoolsmith.com

12 Robert J. Muller (SBN 189651)
   Douglas P. Roy (SBN 241607)
13 CYPRESS LLP
   11111 Santa Monica Blvd., Suite 500
14 Los Angeles, CA 90025
   Telephone: (424) 901-0123; Facsimile: (424) 750-5100
15 bob@cypressllp.com; doug@cypressllp.com

16 Attorneys for Plaintiffs
17 Good Technology Corporation and
   Good Technology Software, Inc.

18                UNITED STATES DISTRICT COURT
19       FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION
20

21

22 Good Technology Corporation and          )  Case No.
   Good Technology Software, Inc.,          )
23                                          )  **COMPLAINT FOR PATENT**
                           Plaintiffs,      )  **INFRINGEMENT**
24                                          )
                vs.                         )  **DEMAND FOR JURY TRIAL**
25                                          )
   MobileIron, Inc.,                        )
26                                          )
                           Defendant.       )
27  _____        )

28

CV12-05826 EDL

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

## COMPLAINT

Plaintiffs Good Technology Corporation and Good Technology Software, Inc. (collectively, "Good"), file this Complaint against Defendant MobileIron, Inc. ("MobileIron").

## NATURE OF THE ACTION

1.      Good is a pioneer in the technology and products that are critical to the backbone and safety of smartphones and tablets, which have become the most important and ubiquitous piece of technology we use in our daily lives. This lawsuit is about one of the brazen infringers of Good's technology—MobileIron.

2.      Good's innovations in the area of mobile data and device management have resulted in broad intellectual property protection for Good's innovations, including over 75 patents, many of which are early, highly-cited, and foundational patents.

3.      Since 1996, Good has spent hundreds of millions of dollars researching, developing, and marketing its solutions that have revolutionized and improved users' experiences on remote devices and provided a secure environment to access the most sensitive business and personal data.

4.      In 1997, Good, formerly known as Visto Corporation, created the first product that enabled users to securely access corporate email and other business data. Over the late 1990s and early 2000s, as smartphone devices were being increasingly seen in the marketplace, Good evolved this product to support "push" email, automatic data synchronization, and security controls such as "remote wipe"—these are features that every user of a smartphone uses today on a minute-by-minute basis.

5.      Good's innovations have become the *de facto* standard for secure access to email and other business data on smartphones and tablets. Without these security and management functions, businesses and government agencies—such as banks, healthcare providers, life sciences and high tech companies, and many others—would not be able to utilize new and innovative devices and apps

Case No.                                                              Complaint for Patent Infringement

to increase workforce efficiency and productivity. Good has entered into intellectual property agreements with technology leaders, such as Research In Motion (RIM), Microsoft and Nokia.

6.     Nevertheless, Good's innovations have been the subject of widespread copying by other competitors who have unfairly attempted to capitalize on Good's pioneering efforts and success by imitating Good's innovative technology and product offerings.

7.     One of the principal imitators is MobileIron. Instead of pursuing independent product development, MobileIron has chosen to use Good's innovative technology and product offerings, in violation of Good's valuable intellectual property rights. As alleged below in detail, MobileIron has made its MobileIron products work through widespread patent infringement.

8.     MobileIron has further made false and misleading claims with respect to Good's technology and products, and in the process audaciously and erroneously claims to be the "first" to deliver such technology and products that use Good's pre-existing technology.

## PARTIES

9.     Plaintiffs Good Technology Corporation and Good Technology Software, Inc. are Delaware corporations with their principal place of business at 430 N. Mary Ave., Suite 200, Sunnyvale, CA 94085.

10.    Defendant MobileIron is a Delaware corporation with its principal place of business at 415 East Middlefield Road, Mountain View, CA 94043.

11.    MobileIron is doing business and infringing Good's patents-in-suit in California and elsewhere in the United States.

## JURISDICTION AND VENUE

12.    This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq.* and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction over Good's Lanham Act claim is conferred on this Court pursuant to 15 U.S.C. § 1125. Jurisdiction over

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

Good's state law claims is conferred on this Court pursuant to 28 U.S.C. § 1367(a) as such claims form part of the same case or controversy as Good's patent infringement and/or Lanham Act claims.

13.     MobileIron is transacting and/or has transacted business within the State of California.  MobileIron, directly or through intermediaries, is committing and/or has committed acts of infringement in the State of California, including at the very least, developing, distributing, selling, offering for sale, advertising, using and/or supporting products or services that fall within one or more claims of Good's patents-in-suit.  MobileIron is therefore subject to the personal jurisdiction of this Court.

14.     MobileIron, directly or through intermediaries, has committed acts of infringement in this District, including at the very least, developing, distributing, selling, offering for sale, advertising, using and/or supporting products or services that fall within one or more claims of Good's patents-in-suit.  Accordingly, venue to adjudicate whether Good's patents-in-suit are infringed is appropriate in the Northern District of California pursuant to 28 U.S.C. §§ 1391, 1400(b), and 1404(a).

15.     For example, MobileIron provides software solutions (in traditional forms, cloud-based, and software as service (SaaS)) for enterprise management of mobile devices, including configuring and updating mobile devices over-the-air, enforcing security policies and compliance for mobile devices, securing mobile access to corporate resources, and allowing mobile devices to be locked or wiped remotely (the "MobileIron Software").  Upon information and belief, MobileIron is currently developing, marketing and selling its products and services, including its MobileIron Software, in California (including the Northern District) and elsewhere in the United States.  MobileIron also has commercial relationships with various technology partners to promote, sell, offer for sale, and/or advertise MobileIron accused products and services in this State and this District.  For example, MobileIron's MobileIron Software is available to customers in the State of California and the Northern District through the Apple App Store and Google Play markets.

Case No.                                                          Complaint for Patent Infringement

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

16.     MobileIron also uses websites to market accused products and services in California (including the Northern District), and enable users of its sites to inquire about (and receive) additional information and product support.  MobileIron's website also allows residents of this State and this District to search for and apply for employment positions with MobileIron.

## INTRADISTRICT ASSIGNMENT

17.     This action for patent infringement is assigned on a district-wide basis under Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

18.     Good holds all right, title, and interest in and to United States Patent No. 6,151,606, entitled "System And Method For Using A Workspace Data Manager to Access, Manipulate and Synchronize Network Data" ("'606 Patent"), which was duly and legally issued by the USPTO on November 21, 2000 in the name of Daniel J. Mendez.  A copy of the '606 Patent is attached as Exhibit A.  A Reexamination Certificate for the '606 Patent was duly and legally issued by the USPTO on March 24, 2009.  A copy of the Reexamination Certificate of the '606 Patent is attached as Exhibit B.

19.     Good holds all right, title, and interest in and to United States Patent No. 7,702,322, entitled "Method And System For Distributing And Updating Software In Wireless Devices" ("'322 Patent"), which was duly and legally issued by the USPTO on April 20, 2010 in the name of Sanjiv Maurya et al.  A copy of the '322 Patent is attached as Exhibit C.

20.     Good holds all right, title, and interest in and to United States Patent No. 7,970,386, entitled "System And Method For Monitoring And Maintaining A Wireless Device" ("'386 Patent"), which was duly and legally issued by the USPTO on June 28, 2011 in the name of Sathyanarayana Pattavayal Bhat et al.  A copy of the '386 Patent is attached as Exhibit D.

21.     Good holds all right, title, and interest in and to United States Patent No. 8,012,219, entitled "System And Method For Preventing Access To Data On A Compromised Remote Device"

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

("'219 Patent"), which was duly and legally issued by the USPTO on September 6, 2011 in the name of Daniel J. Mendez et al.  A copy of the '219 Patent is attached as Exhibit E.

**Count 1:  Infringement Of U.S. Patent No. 6,151,606**

22.     Good refers to and incorporates herein the allegations of Paragraphs 1-21 above.

23.     MobileIron makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States, products and/or services that allow for the remote disabling and/or wiping of information from smartphone and/or other devices, including at least one or more versions of its MobileIron Software, and/or similar products and/or services ("'606 Accused Products").  In addition, MobileIron provides these products and/or services to distributors, resellers, developers and/or users.

24.     MobileIron has been and is now directly infringing the '606 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '606 Accused Products, in violation of 35 U.S.C. § 271(a).  Alternatively, MobileIron has indirectly infringed one or more claims of the '606 Patent by inducing such use of the claimed methods and systems by its distributors, resellers and/or end user customers using the '606 Accused Products in violation of 35 U.S.C. § 271(b).  Alternatively, MobileIron has contributorily infringed one or more claims of the '606 Patent by providing the '606 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '606 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '606 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, MobileIron has supplied in or from the United States the '606 Accused Products, which comprise all or a substantial portion of the components of the claims of the '606 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

violation of 35 U.S.C. § 271(f)(1).  Alternatively, MobileIron has supplied in or from the United States the '606 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '606 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

25.     Good has provided notice of the '606 Patent to MobileIron.

26.     Upon information and belief, MobileIron had and has knowledge of the '606 Patent, MobileIron has been and is aware of its infringement, and MobileIron's infringement has been and continues to be willful.

27.     Good has been irreparably harmed by MobileIron's acts of infringement of the '606 Patent, and will continue to be harmed unless and until MobileIron's acts of infringement are enjoined and restrained by order of this Court.   Good has no adequate remedy at law to redress MobileIron's continuing acts of infringement.   The hardships that would be imposed upon MobileIron by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

28.     As a result of MobileIron's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

### Count 2:  Infringement Of U.S. Patent No. 7,702,322

29.     Good refers to and incorporates herein the allegations of Paragraphs 1-28 above.

30.     MobileIron makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States, products and/or services, including at least one or more versions of its MobileIron Software, and/or similar products and/or services ("'322 Accused Products"), that allow for the distribution and/or updating of software on smartphones and/or other devices.  In

addition, MobileIron provides these products and/or services to distributors, resellers, developers and/or users.

31.     MobileIron has been and is now directly infringing the '322 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '322 Accused Products, in violation of 35 U.S.C. § 271(a).  Alternatively, MobileIron has indirectly infringed one or more claims of the '322 Patent by inducing such use of the claimed methods and systems by its distributors, resellers, and/or end user customers using the '322 Accused Products in violation of 35 U.S.C. § 271(b). Alternatively, MobileIron has contributorily infringed one or more claims of the '322 Patent by providing the '322 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '322 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '322 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, MobileIron has supplied in or from the United States the '322 Accused Products, which comprise all or a substantial portion of the components of the claims of the '322 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1). Alternatively, MobileIron has supplied in or from the United States the '322 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '322 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

32.     Good has provided notice of the '322 Patent to MobileIron.

-8-

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

33.     Upon information and belief, MobileIron had and has knowledge of the '322 Patent, MobileIron has been and is aware of its infringement, and MobileIron's infringement has been and continues to be willful.

34.     Good has been irreparably harmed by MobileIron's acts of infringement of the '322 Patent, and will continue to be harmed unless and until MobileIron's acts of infringement are enjoined and restrained by order of this Court.   Good has no adequate remedy at law to redress MobileIron's continuing acts of infringement.   The hardships that would be imposed upon MobileIron by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

35.     As a result of MobileIron's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

## Count 3:  Infringement Of U.S. Patent No. 7,970,386

36.     Good refers to and incorporates herein the allegations of Paragraphs 1-35 above.

37.     MobileIron makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States, products and/or services that allow for the monitoring and maintenance of smartphones and/or other devices, including at least one or more versions of its MobileIron Software, and/or similar products and/or services ("'386 Accused Products").   In addition, MobileIron provides these products and/or services to distributors, resellers, developers and/or users.

38.     MobileIron has been and is now directly infringing the '386 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '386 Accused Products, in violation of 35 U.S.C. § 271(a).   Alternatively, MobileIron has indirectly infringed one or more claims of the '386 Patent by inducing such use of the claimed methods and systems by its distributors, resellers and/or end user customers using the '386 Accused Products in violation of 35 U.S.C. § 271(b).

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

Alternatively, MobileIron has contributorily infringed one or more claims of the '386 Patent by providing the '386 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '386 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '386 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, MobileIron has supplied in or from the United States the '386 Accused Products, which comprise all or a substantial portion of the components of the claims of the '386 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1).  Alternatively, MobileIron has supplied in or from the United States the '386 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '386 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

39.     Good has provided notice of the '386 Patent to MobileIron.

40.     Upon information and belief, MobileIron had and has knowledge of the '386 Patent, MobileIron has been and is aware of its infringement, and MobileIron's infringement has been and continues to be willful.

41.     Good has been irreparably harmed by MobileIron's acts of infringement of the '386 Patent, and will continue to be harmed unless and until MobileIron's acts of infringement are enjoined and restrained by order of this Court.  Good has no adequate remedy at law to redress MobileIron's continuing acts of infringement.  The hardships that would be imposed upon

Case No.                                                                                    Complaint for Patent Infringement

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

MobileIron by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

42.     As a result of MobileIron's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

### Count 4:  Infringement Of U.S. Patent No. 8,012,219

43.     Good refers to and incorporates herein the allegations of Paragraphs 1-42 above.

44.     MobileIron makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States, products and/or services that allow for preventing access to data on compromised smartphones and/or other devices, including at least one or more versions of its MobileIron Software, and/or similar products and/or services ("'219 Accused Products").   In addition, MobileIron provides these products and/or services to distributors, resellers, developers and/or users.

45.     MobileIron has been and is now directly infringing the '219 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '219 Accused Products, in violation of 35 U.S.C. § 271(a).  Alternatively, MobileIron has indirectly infringed one or more claims of the '219 Patent by inducing such use of the claimed methods and systems by its distributors, resellers and/or end user customers using the '219 Accused Products in violation of 35 U.S.C. § 271(b). Alternatively, MobileIron has contributorily infringed one or more claims of the '219 Patent by providing the '219 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '219 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '219 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, MobileIron has supplied in or from the United States the '219 Accused Products, which comprise all or a substantial portion of the components of the claims of the '219 Patent, where such components are uncombined in whole or in part, in such

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

Case No.                                                                                      Complaint for Patent Infringement

manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1). Alternatively, MobileIron has supplied in or from the United States the '219 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '219 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

46.     Good has provided notice of the '219 Patent to MobileIron.

47.     Upon information and belief, MobileIron had and has knowledge of the '219 Patent, MobileIron has been and is aware of its infringement, and MobileIron's infringement has been and continues to be willful.

48.     Good has been irreparably harmed by MobileIron's acts of infringement of the '219 Patent, and will continue to be harmed unless and until MobileIron's acts of infringement are enjoined and restrained by order of this Court. Good has no adequate remedy at law to redress MobileIron's continuing acts of infringement. The hardships that would be imposed upon MobileIron by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

49.     As a result of MobileIron's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

### Count 5:  Violation of the Lanham Act  § 43(a)(1)

50.     Good refers to and incorporates herein the allegations of Paragraphs 1-49 above.

51.     In addition to the above-described patent infringement, MobileIron is publishing and distributing marketing materials captioned "Observations about Good Technologies [sic] MDM"

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

(the "Marketing Materials") that critique Good's "Mobile Device Management" products (the "Good Products").

52.    MobileIron's Marketing Materials contain materially false and misleading descriptions and representations of fact concerning the Good Products. The following are some examples of the materially false, misleading descriptions and representations of fact made by MobileIron in its Marketing Materials:

a.    The Marketing Materials assert that "[t]he Good Container is explicitly **not FIPS-140 certified** on iOS and Android [emphasis in original]," when in fact it is (specifically, it is FIPS-140-2 certified).

b.    MobileIron falsely asserts in its Marketing Materials that the Good Products, as of November 2011, had "[n]o full wipe," when in fact the Good Products, through its "Good for Enterprise" solution, have provided both the ability to wipe enterprise data and the ability to perform a full wipe of the mobile device through Good's MDM solution since prior to November 2011.

c.    The Marketing Materials assert that there is "No Email Push. Emails get downloaded after opening the app," when in fact the Good Products (namely, "Good for Enterprise") **are** a push email solution.

53.    MobileIron's Marketing Materials misrepresent the nature, characteristics, and/or qualities of the Good Products and disparage Good's business.

54.    Good is informed and believes, and on that basis alleges, that MobileIron is using the Marketing Materials as part of its global marketing effort, including, without limitation, its marketing efforts focused on sales throughout the United States.

55.    MobileIron's Marketing Materials are intended, and have a tendency, to deceive the purchasing public and have deceived the purchasing public. The false and misleading information contained in the Marketing Materials is likely to create confusion and influence the buying decisions of the purchasing public.

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

56.     As a direct and proximate result of MobileIron's use of the Marketing Materials, Good has suffered, and continues to suffer, damages in an amount to be determined at trial.

57.     Good has suffered, and continues to suffer, irreparable injury from MobileIron's conduct, and due to the continuing threat of such injury, has no adequate remedy at law. Good is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

### Count 6:  Trade Libel Under California Law

58.     Good refers to and incorporates herein the allegations of Paragraphs 1-57 above.

59.     MobileIron's use of the Marketing Materials constitutes trade libel, namely, the Marketing Materials contain false and misleading information about the quality of Good Products and Good's business.

60.     MobileIron's use of the Marketing Materials is intended to cause financial harm to Good by inducing the purchasing public to favor MobileIron's products over the Good Products.

61.     As a direct and proximate result of MobileIron's use of the Marketing Materials, Good has suffered, and continues to suffer, damages in an amount to be determined at trial.

### Count 7:  Unfair Business Practices In Violation
### Of California Business and Professions Code Section 17200 *et seq.*

62.     Good refers to and incorporates herein the allegations of Paragraphs 1-61 above.

63.     MobileIron's actions alleged herein constitute unfair, illegal, or fraudulent business practices prohibited by California Business and Professions Code section 17200 *et seq.*

64.     Good has suffered, and continues to suffer, irreparable injury from MobileIron's conduct, and due to the continuing threat of such injury, has no adequate remedy at law. Accordingly, Good is entitled to injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Good requests the following relief:

A.      That MobileIron and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

participation with them, or any of them, be enjoined from making, using, importing, exporting, distributing, supplying, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '606, '322, '386, and '219 Patents, or otherwise infringing or contributing to or inducing infringement of any claim thereof;

B.      A finding that MobileIron has infringed the '606, '322, '386, and '219 Patents;

C.      That Good be awarded its actual damages;

D.      That Good be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '606, '322, '386, and '219 Patents by MobileIron to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

E.      That the Court order an accounting for damages through judgment and post-judgment until MobileIron is permanently enjoined from further infringing activities;

F.      That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and requiring MobileIron to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285;

G.      That the Court award enhanced damages pursuant to 35 U.S.C. § 284;

H.      That the Court award supplemental damages for any continuing post-verdict infringement up until MobileIron is permanently enjoined from further infringing activities;

I.      That the Court award a compulsory future royalty in the event an injunction is not awarded;

J.      That the Court require MobileIron to pay interest on such damages at the legal rate;

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

1       K.  That the Court require MobileIron to pay damages (including without

2  limitation lost profits and disgorgement) and enhanced damages and/or treble damages, in a sum to

3  be proven at trial, based on its trade libel and violation of the Lanham Act;

4       L.  That the Court declare the case "exceptional";

5

6       M.  That MobileIron pay Good's reasonable attorney's fees and costs;

7       N.  That the Court award permanent injunctive relief restraining MobileIron from

8  further publishing of the Marketing Materials;

9       O.  That, on the basis for Good's state law claims, the Court award damages,

10  enhanced damages, punitive damages, and/or attorney's fees to the extent permitted by law; and

11       P.  That Good be awarded such other and further relief as the Court deems just

12  and proper.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

-16-

**DEMAND FOR A JURY TRIAL**

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil Local Rule 3-6, Good demands a trial by jury of all issues so triable in this matter.

DATED: November 14, 2012

McKool Smith Hennigan, P.C.

By _____
        Courtland L. Reichman

Attorney for Plaintiffs
Courtland L. Reichman

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

-17-

Case No.                                                                 Complaint for Patent Infringement