Courtland L. Reichman, SBN 2668873
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Tel: (650) 394-1400; Fax: (650) 394-1422
creichman@mckoolsmith.com

Steven J. Pollinger (*pro hac vice*)
Craig N. Tolliver (*pro hac vice*)
Geoffrey L. Smith (*pro hac vice*)
MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Tel: (512) 692-8700; Fax: (512) 692-8744
spollinger@mckoolsmith.com; gsmith@mckoolsmith.com

Robert Muller, SBN 189651
Douglas P. Roy, SBN 241607
CYPRESS, LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Tel: (424) 901-0123; Fax:  (424) 750-5100
bob@cypressllp.com; doug@cypressllp.com

Attorneys for Plaintiffs
Good Technology Corporation and
Good Technology Software, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Good Technology Corporation and Good Technology Software, Inc.; | Case No. CV12-05826-EJD |
| Plaintiffs, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | **Hon. Paul S. Grewal** |
| MobileIron, Inc., | |
| Defendant. | |

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Stipulation Re Proposed Protective Order submitted by Plaintiffs GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC. (collectively, "Plaintiffs") and Defendant MOBILE IRON, INC. ("Defendant") (Plaintiffs and Defendant are referred to herein as the "parties"), IT IS HEREBY ORDERED as follows:

1. **Definitions**. Materials, documents, and information containing a Party's confidential and/or proprietary technical, sales, marketing, financial, client/customer data, or other business information, other commercially sensitive information and/or trade secrets is referred to herein as "Proprietary Information." A party producing discovery materials may designate as "CONFIDENTIAL" any information that it in good faith believes embodies Proprietary Information.  Additionally, the party producing discovery materials may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" any information that it in good faith believes embodies a trade secret or is information that gives one party a competitive advantage in the marketplace over the other or could otherwise significantly prejudice the business of the producing party if revealed to another party, including confidential technical and financial documentation.  Moreover, any party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" information that would otherwise qualify under the terms discussed below.  Information, materials, discovery responses, and/or transcripts designated by a producing party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"  are referred to herein as "Protected Materials."

2. **Copies, Reproductions, Etc**. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Protected Materials shall also be considered Protected Materials and treated as such under this Stipulation.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

3.   **Excluded Materials.** The protections conferred by this Stipulation do not cover (a) materials or information lawfully in the public domain at the time of disclosure by a producing party, (b) materials or information that lawfully become part of the public domain as a result of publication not involving a violation of this Stipulation, (c) materials or information received from a source who obtained the materials or information lawfully and under no obligation of confidentiality to the producing party, and (d) materials or information developed independently of the producing party by persons who have not had access to the Protected Materials of the producing party.

4.   **Previously Produced Materials.** Documents that have been produced prior to the entry of this Stipulation which have been designated "Confidential," if any, shall be considered Protected Materials under this Stipulation.

5.   **Production of Protected Materials By Or From Third Parties**. This Stipulation shall apply to a non-party who produces Protected Materials in the case to the same extent as it does to parties. In such a case, the non-party who produces Protected Materials is considered to be a producing party and is protected under this Stipulation as though a signatory to it.  Such non-party may use the procedures set forth in this Stipulation to designate its Protected Materials. A party and non-party are both referred to herein as party or parties.

In the event that a party is required, by a valid discovery request, to produce a non-party's Proprietary Information in the party's possession, and the party is subject to an agreement with the non-party not to disclose the non-party's confidential information, then the party shall (1) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; (2) promptly provide the non-party with a copy of this Stipulation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the non-party. Unless otherwise prescribed by the non-

1   party, the producing party may produce the non-party's proprietary information

2   responsive to the discovery request if the non-party fails to object or seek a protective

3   order from this court within 14 days of receiving the notice and accompanying

4   information. If the non-party timely seeks a protective order, the party shall not

5   produce any information in its possession or control that is subject to the

6   confidentiality agreement with the non-party before a determination by the Court.

7   Absent a court order to the contrary, the non-party shall bear the burden and expense

8   of seeking protection in this Court of its Proprietary Information.

9        6.    **Manner of Designation**. The designation of Protected Materials shall be

10  made by placing the following notation on the Protected Materials:

11             a.      "CONFIDENTIAL"

12             b.      "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

13                     ONLY" (or similar notation, e.g. "FOCO," "ATTORNEY EYES

14                     ONLY," etc. if the Protected Materials were previously so marked

15                     and produced in a prior litigation); or

16             c.      "HIGHLY CONFIDENTIAL – SOURCE CODE"(or similar

17                     notation, e.g., "SOURCE CODE," if Protected Materials were

18                     previously so marked and produced in a prior litigation).

19  The above designations shall be affixed on the Protected Materials in the following

20  manner:

21             a.      For documents (including, but not limited to, affidavits,

22  declarations, written discovery responses, pleadings, and deposition testimony) the

23  designation shall appear on each page of such document; or

24             b.      For tangible items, on the object or container thereof, or, if not

25  practicable, as otherwise agreed by the parties.

26        A party that makes original documents or materials available for inspection

27  need not designate them for protection until after the inspecting party has indicated

28  which material it would like copied and produced. During the inspection and before

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

7.     **Designation of Testimony Referencing Protected Materials**. No court reporter, videographer, or transcriber who reports or transcribes testimony in this action shall disclose Protected Materials to anyone, except pursuant to this Stipulation. Counsel for a producing party may designate a deposition transcript under this Stipulation by stating on the record that it shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If counsel for a producing party does not designate a deposition transcript under this Stipulation during the deposition, the deposition transcript shall nevertheless be treated as (i) "HIGHLY CONFIDENTIAL – SOURCE CODE," if any document marked, introduced, or discussed during the deposition was so designated, or (ii) "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" otherwise.  Such treatment shall last for 30 days following the release of the transcript, during which time the producing party may elect to designate all or part of the deposition transcript under this Stipulation.

Each party agrees that it will not object to the opposing party's election to participate in depositions via telephone or video.

8.     **Use of Protected Materials**.  Except as provided for below, Protected Materials and any information contained therein shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Stipulation for purposes of the prosecution and defense of the above captioned litigation only, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such information as herein provided.  All produced Protected Materials and any information contained therein shall be

1  carefully maintained so as to preclude access by persons who are not entitled to

2  receive such information.

3      The party or parties receiving Protected Materials shall not under any

4  circumstances sell, offer for sale, advertise, or publicize Protected Materials or any

5  information contained therein. The party or parties receiving Protected Materials

6  shall also take sufficient security measures to ensure the Protected Materials are

7  secure and protected from inadvertent disclosure to unauthorized persons.

8      Notwithstanding any other provisions of this Stipulation, however, nothing

9  herein shall prohibit counsel or a party from disclosing a document containing

10  information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE

11  ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE to

12  any person who by indication within the document drafted, prepared, executed, or

13  received the document.

14      9.    **<u>Authorized Disclosure</u>**. Protected Materials designated

15  "CONFIDENTIAL" and any information contained therein shall be disclosed only to

16  the following persons ("Qualified Persons"):

17          a.    Members and employees of outside counsel of record in this

18  action whose duties and responsibilities require access to such materials.  The current

19  counsel of record are as follows:

20              1.    Orrick, Herrington & Sutcliffe LLP

21              2.    McKool Smith, P.C.

22              3.    Cypress LLP

23          b.    Up to three employees of a party who are actively engaged in

24  assisting outside counsel of record with respect to this litigation, provided, however,

25  that the disclosure to any such person pursuant to this subpart is only after

26  compliance with Paragraph 11 below and must be reasonably necessary to assist in

27  the prosecution or defense of this litigation;

28

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

---

c.       Outside experts and consultants (collectively, referred to herein as "Experts") who are engaged or potentially engaged for the purposes of this action by a party and their support personnel, but only after compliance with Paragraph 11 below. For purposes of this Stipulation, an Expert shall be defined as a person who is neither an employee or consultant of a party nor anticipated to become an employee or consultant in the near future, and who is retained or employed as a bona fide expert, consultant or investigator for purposes of this litigation by or at the direction of counsel for a party;

d.       Deposition witnesses during the course of a deposition, so long as at least that portion of the deposition transcript itself is designated with the same confidentiality designation as the materials and so long as such witness drafted, prepared, executed, or received the document before the deposition, or was employed by or acting on behalf of the producing party;

e.       Court reporters and videographers taking testimony involving Protected Materials and their support personnel;

f.       Outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., jury consultants and research personnel, graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them;

g.       Translation services necessary for translating documents in this case;

h.       Any person to whom the producing party agrees to provide a copy; and

i.       The Court, jury, and Court personnel.

10.      **Attorneys' Eyes Only Protection**. To the extent a producing party believes that certain Protected Materials containing sensitive technical and business information are so sensitive that their dissemination deserves even further limitation, the producing party may designate such Protected Materials "HIGHLY

C Y P R E S S , LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  Protected Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall only be made available to members and employees of outside counsel identified in Paragraph 9(A), outside experts and consultants identified in Paragraph 9(C) but only after compliance with Paragraph 11 below, and persons identified in Paragraphs 9(D)-(I).  Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be made available to persons identified in Paragraph 9(B) without the written consent of the producing party. To the extent that disclosure of Protected Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to key principals of a receiving party is needed for the purpose of facilitating settlement discussions – including, for example, the disclosure of documents relating to sales revenue, litigation settlements, or licensing – the parties shall meet and confer to discuss the conditions of such a disclosure and the producing party shall not unreasonably withhold written consent.

11.  **Notice of Disclosure**. Before a party can disclose Protected Materials to a person under Paragraphs 9(B)-9(C), that party must provide written notice no less than fourteen (14) days prior to any disclosure of the Protected Materials.

a.      For Experts described in Paragraph 9(C), the written notice shall contain (i) the Expert's name, title, business address, residence state and country, present occupation (or job description), past and present business relationships with the party retaining them or any other party to the litigation; (ii) a copy of the Expert's curriculum vitae; (iii) a list of all instances in which, during the last four (4) years, the Expert provided non-confidential consulting services (regardless of whether the purpose of the consultancy was litigation), was disclosed as an expert or testified at trial or deposition; and (iv) an undertaking in the form of Exhibit A signed by that Expert (such original signed document to be kept by the attorney retaining such person).  A separate undertaking shall not be required for staff members working under the supervision of an Expert signing the undertaking.  An Expert signing the

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

undertaking, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Stipulation.  In the event such proposed Expert is prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or consultancy, the expert shall so state and shall in that case disclose such information as the Expert is permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in the employment or consultancy; whether the employment or consultancy was for a competitor of a party; and like information) to enable, to the extent possible, the other party to determine whether or not to object to the Expert. Draft expert reports, expert's notes, and communications between a party's counsel and a party's expert are not discoverable unless relied on by the party's expert. Details regarding compensation and fee agreements remain discoverable.

        b.      For persons described in Paragraphs 9(B) the written notice shall contain that person's name, title, and business address, and an undertaking in the form of Exhibit A signed by that person.

    If within fourteen (14) days after receipt of the notice of intent to disclose, counsel for the party producing the Protected Materials does not object to the disclosure, any Protected Materials designated by that party may be disclosed to such person.  Failure to object within the fourteen (14) day period shall be deemed approval.  If within fourteen (14) days of receipt of such notice, counsel for the party producing the Protected Materials objects to such intended disclosure, disclosure of information designated by the producing party shall not be made until such objection is resolved by agreement of the parties, by a ruling of a Court, or as otherwise set forth below. Counsel's objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing and served on all parties within the fourteen (14) day period.  The parties shall meet and confer to attempt to resolve the dispute within ten (10) days from the date of mailing or electronic delivery of the

C Y P R E S S , L L P
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

objection. If the parties cannot resolve the dispute within the ten (10) day meet and confer period, the party seeking disclosure may move the Court for an order that access to Protected Materials be provided to the designated person.  Any such motion must describe the circumstances with specificity, including the details of the parties' meet and confer.  It shall be the burden of the party objecting to the disclosure to show by a preponderance of the evidence that there is good cause why the Protected Materials should not be disclosed.

12.   **Designation of Source Code**. To the extent a producing party believes that certain Protected Materials contain source code, object code, Register Transfer Language ("RTL"), or Hardware Description Language ("HDL") (collectively "Code") the producing party may designate such Protected Materials "HIGHLY CONFIDENTIAL – SOURCE CODE."   Protected Materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall only be made available to members and employees of outside counsel identified in Paragraph 9(A), outside experts and consultants identified in Paragraph 9(C) but only after compliance with Paragraph 11 above, and persons identified in Paragraphs 9(D)-(I).  Materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be made available to persons identified in Paragraph 9(B) without the written consent of the producing party.

13.   **Inspection of Source Code**. Code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" under Paragraph 12 shall be made available to the requesting party for inspection in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or a secure escrow facility or another mutually agreed upon location. The costs payable to the escrow facility shall be paid by the party requesting that Code be made available at the facility. The decision whether to make the Code available at the counsel's office or at the secure escrow facility will be made by the producing party in its sole discretion. The Code shall be

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

made available for inspection on a secured computer in a secured room without internet access or network access to other computers and the receiving party shall not copy, remove, or otherwise transfer any portion of the Code onto any recordable media or recordable device, except as explicitly provided in this Paragraph 13. The producing party may visually monitor the activities of the receiving party's representatives during the review of the Code, but only to ensure compliance with this Stipulation and without any attempt to view work product.

Where a party is making its Code available via inspection, it shall be made available during normal business hours (8:00 a.m. to 6:00 p.m. local time, Monday–Friday, excluding holidays) upon ten (10) business  days' notice of a first inspection and upon two (2) days' notice of subsequent inspections (and other days and/or times upon reasonable request). The party providing the inspection shall provide up to three (3) secure computers for reviewing and analyzing the Code; the first such computer shall be at the providing party's expense, and any additional computer(s) shall be at the receiving party's expense. The party providing the inspection may not configure the computer in a manner that unreasonably impedes or slows the requesting party's ability to inspect the Code and may not attempt to track or otherwise observe the requesting party's review of the Code.  The secured computers shall have the necessary technology and software to allow for proper viewing, analysis and searching of the Code.  If requested by the requesting party, the party providing the inspection shall load any reasonable software analysis tools provided by the requesting party.  In the event such software analysis tool is unavailable to the producing party, the requesting party shall provide the software analysis tool.  If the requesting party is technically unable to view any of the Code, the requesting party will notify the party providing inspection with the portions of Code that cannot be reviewed and the parties shall meet and confer in an attempt to resolve the issue. The Code shall be in a format allowing it to be reasonably reviewed and searched taking

into account the pertinent circumstances, including the manner in which the producing party's engineers review, search, or modify the Code.

A party shall be entitled to have printed by the producing party, in paper form, portions of the source code in blocks as reasonably necessary for use by the receiving party's attorneys and Experts, as an exhibit at deposition, as an exhibit to an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial but not for purposes of reviewing the Code in the first instance; provided that all such paper forms shall be labeled on each page with a legend designating them as "HIGHLY CONFIDENTIAL – SOURCE CODE of [name of party], SUBJECT TO COURT PROTECTIVE ORDER" together with a unique number for each page.  The printed pages shall constitute part of the Code produced by the producing party in this action. A copy of the printed pages will be transmitted to the receiving party within (3) three business days of the printing, to be sent by First Class Mail or Federal Express.  The entire code or an unnecessarily large portion of the code shall not be printed.  The producing party may challenge the amount of source code requested to be printed in paper form by the receiving party.

The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, including a log of the in/out times and persons present at the inspection of Code on secured computers.  The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format except for the reasonably necessary use as an exhibit at deposition, as an exhibit to an expert report, as an exhibit to a filing with the Court, or as an exhibit at trial.  The receiving party shall only make additional paper copies if such additional copies are:  (1) necessary for inclusion in court filings, pleadings, or a testifying expert's expert report; (2) necessary for use in a deposition or hearing; or (3) otherwise necessary for

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

internal use by the outside counsel of record (and attorneys and staff working for such counsel) and/or the receiving party's Experts for the preparation of its case. Any paper copies used during a deposition and marked as an exhibit shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

If either party intends to offer any evidence at trial based on the materials designated as HIGHLY CONFIDENTIAL – SOURCE CODE, it will take appropriate measures to preserve the confidentiality of the designated materials to the extent reasonably practicable.

14.    **Challenge to Designation.** At any time after the delivery of Protected Materials, counsel for the party receiving the Protected Materials may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Materials (the "Designating Party"). The parties shall then attempt to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally, then the party challenging the designation (the "Challenging Party") may request appropriate relief from the Court. In connection with any such request for relief, the Challenging Party must identify with particularity the specific document or information that the Challenging Party believes was improperly designated and state with particularity and detail the factual and legal grounds on which the Challenging Party disagrees with the designation. The restricted status of such information will remain unless and until the Court rules and determines that such information is not entitled to its designated status. It shall be the burden of the Challenging Party to make out a prima facie case that the contested document or information is not entitled to the level of confidentiality selected by the Designating Party. In response to such a prima facie case, the Designating Party bears the burden of proof to show by a preponderance of the evidence that there is good cause for the document to have the protection claimed by the Designating Party.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

15.   **Future Patent Prosecution.** Protected Materials and any information contained therein shall be used solely for purposes related to this litigation.  Any person who has reviewed or accessed Protected Materials of another party in this case shall not participate, directly or indirectly (e.g., by advising), on behalf of any party (other than on behalf of the party who produced the items or information at issue), in the prosecution of any patent applications, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, that claim functionality to mobile device management (as defined in Gartner 2013 Report: Magic Quadrant for Mobile Device Management Software), including but not limited to mobile device management, mobile content management, mobile application management, mobile security and identity. For purposes of this paragraph, "prosecution" includes drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. This prohibition shall extend from the time of receipt of such items or information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the party or parties whose items or information was received or reviewed.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in any post-grant challenge of a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post-grant review, or inter partes review), whether the party represented in the post-grant challenge is the challenging party or the party defending the patent, provided that counsel who have reviewed or accessed Protected Material

are not involved in any claim drafting or re-drafting. In addition, any person may provide copies of prior art or other non-confidential documents to counsel involved in prosecution to be provided to the United States Patent and Trademark Office ("USPTO") (and its foreign equivalents).

16.   **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court and provided that the party first meet and confer with the Designating Party about whether it is possible to withdraw the material or redact or otherwise modify the submission to address the Designating Party's confidentiality concerns.

17.   **Use of Protected Materials At Deposition or Trial**. To the extent that Protected Materials or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Stipulation, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Materials or information contained therein.

18.   **Inadvertent Failures to Designate**. Inadvertent and/or unintentional failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Promptly upon learning of such

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

inadvertent or unintentional failure to designate, the producing party shall notify the receiving part(ies) of the proper designation, at which time the receiving party shall treat all such information in accordance with any revised designations. Nothing in this Stipulation shall require disclosure of material that a party contends is protected from disclosure by attorney-client privilege or the attorney work-product immunity or any other applicable form of immunity. This shall not preclude any party from moving the Court for an order directing the disclosure of such material.

19.   **No Waiver Of Privilege**. In accordance with Fed. R. Evid. 502(d), the attorney-client privilege or work product protection is not waived as a result of the disclosure of information in connection with this litigation.  Inadvertent and/or unintentional production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly upon discovery of such information. Upon receiving such notice, the receiving party will take reasonable steps to immediately return such information or documents, including all copies thereof, to the producing party. Alternatively, the receiving party shall immediately confirm in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. The receiving party may move the Court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in

question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a party becomes aware that it has received documents that are clearly privileged, the party receiving the privileged documents will promptly notify the producing party of receipt of the documents and return or destroy all copies of the privileged documents. The parties agree that neither party is required to log privileged communications exchanged between a party and that party's counsel after the filing of the complaint on November 14, 2012. The parties further agree that neither party is required to log privileged communications exchanged between a party and that party's litigation counsel prior to the filing of the complaint with the limited exception of communications that specifically reference or refer to the opposing party to this action. Notwithstanding the above, the parties agree that either party may request that a producing party log privileged communications in response to specific inquiry from the receiving party concerning a sufficiently narrow, targeted topic should the need arise. The parties agree to comply with Patent Local Rule 3-7 with respect to logging materials related to opinions of counsel.

    20.    **Unauthorized Disclosure of Protected Material**. If a party learns that, by inadvertence or otherwise, it has disclosed Protected Materials other than in a manner authorized by this Stipulation, counsel for the party responsible for the disclosure shall notify the Designating Party in writing and immediately make every effort to further prevent unauthorized disclosure including retrieving all copies of the Protected Materials from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Materials in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

21.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that party must: (a) promptly notify in writing the Designating Party and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

22.     **Return or Destruction of Protected Materials**. Within forty-five (45) calendar days of final termination of this action by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Protected Materials shall at the disclosing party's request take reasonable steps to return the Protected Materials to the counsel for the party or parties disclosing or producing the Protected Materials or certify that counsel and its client(s) have taken reasonable steps to destroy the Protected Materials.  Counsel of record may retain a copy of any

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

pleading, transcript (e.g. deposition, hearing, or trial), or exhibit thereto filed with the Court or served on opposing counsel regardless of its confidentiality designation except printouts of Code, which shall be returned or destroyed.  The party or parties receiving the Protected Materials shall be entitled to keep their attorney work product which refers or relates to any Protected Materials.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Materials or any information contained therein.

23. **Continuing Binding Effect**. After termination of this litigation, the provisions of this Stipulation shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Stipulation following termination of this litigation.

24. **Successors and Assigns**. This Stipulation shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

25. **Further Relief**. This Stipulation shall not prevent the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional relief by ways of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modification of this Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26.     **Compliance With Law**. Notwithstanding any other provision herein, nothing in this Order shall prevent any party from complying with any applicable governmental law, rule, or regulation.

Date: _____September 9, 2013_____          _____*Paul S. Grewal*_____

                                             UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Good Technology Corporation and Good Technology Software, Inc.;<br><br>          Plaintiffs,<br><br>            v.<br><br>MobileIron, Inc.,<br><br>          Defendant. | ) **Case No. CV12-05826-EJD**<br>)<br>)<br>)<br>) **CONFIDENTIALITY STIPULATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

UNDERTAKING OF _____

I, _____, declare that:

1.    My business address is_____.

2.    My present occupation (including job title) is

_____.

3.    I am currently employed by _____

_____.

4.    My past and present business relationships with the party retaining my services include: _____

_____.

5.      I have received a copy of the Protective Order in this action, and have carefully read and understand its provisions.

6.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under the Protective Order, except as expressly permitted in the Protective Order.

7.      I agree to take reasonable steps to return or destroy and certify destruction of all materials designated under the Protective Order which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after I have been notified that litigation between the parties has ended.

8.      I accept full responsibility for taking measures to ensure that staff members working under my supervision comply with the terms of this Protective Order.

9.      I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        Signature: _____