1  (All counsel listed on signature page)

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

| | |
|---|---|
| 12 GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, 13 INC.<br><br>14             Plaintiff,<br><br>15      v.<br><br>16 MOBILEIRON, INC.,<br><br>17             Defendant. | Civil Action No. C-12-05826 EJD<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER LIMITING PATENT CLAIMS AND PRIOR ART AND MODIFYING CERTAIN DEADLINES** |
| 18 GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, 19 INC.<br><br>20             Plaintiff,<br><br>21      v.<br><br>22 AIRWATCH LLC,<br><br>23             Defendant. | Civil Action No. C-12-05827 EJD |

24

25

26

27

28



JOINT STIPULATION AND [PROPOSED] ORDER LIMITING EXCESS PATENT CLAIMS
AND PRIOR ART AND MODIFYING CERTAIN DEADLINES
CASE NOS. C-12-05826 EJD, C-12-05827 EJD

1  Plaintiffs Good Technology Corporation and Good Technology Software, Inc. (collectively
2  "Good") and Defendant Mobile Iron, Inc. ("MobileIron") and Defendant AirWatch LLC
3  ("AirWatch") (all three collectively the "Parties") file this joint stipulation requesting an Order
4  requiring Good to limit the number of patent claims asserted in each action, requiring each
5  Defendant to limit the number of prior art references[1] it asserts in its respective action, and
6  modifying certain claim construction deadlines to allow the Parties sufficient time to evaluate the
7  case in order to reduce the number of asserted patent claims and prior art references across the
8  four asserted patents prior to claim construction.

9  WHEREAS in these two actions Good alleges infringement of four U.S. patents—U.S.
10 Patent Nos. 6,151,606; 7,702,322; 7,970,386; and 8,012,219—and has disclosed to MobileIron
11 and AirWatch, respectively, its asserted claims and infringement contentions, pursuant to Local
12 Patent Rule 3-1, identifying more than 65 asserted patent claims;

13 WHEREAS in these two actions MobileIron and AirWatch have each disclosed to Good
14 their invalidity contentions, pursuant to Local Patent Rule 3-3, identifying over 80 prior art
15 references, in addition to all prior references identified in the prosecution histories of the patents-
16 in-suit;

17 WHEREAS the Parties recognize that both the current number of patent claims asserted by
18 Good in each action and the number of prior references asserted by Defendants in each action may
19 unnecessarily complicate stages of the litigation, including but not limited to claim construction,
20 fact discovery, expert discovery, summary judgment proceedings, and trial, as well as inflate
21 litigation costs and frustrate judicial efficiency;

22 WHEREAS, pursuant to the Court's Order Approving Modification of Certain Deadlines
23 (*Good v. MobileIron*, Dkt. No. 48; *Good v. AirWatch*, Dkt. No. 39), with respect to the Court's
24 Patent Scheduling Order (*Good v. MobileIron*, Dkt. No. 47; *Good v. AirWatch*, Dkt. No. 37), the
25 claim construction process in each case is scheduled to begin on September 27, 2013 with the
26 Exchange of Proposed Terms for Construction;

---

[1] The reference to "prior art" herein is not intended to have any bearing as to whether any such prior art reference meets the legal requirements to be deemed "prior art" under pertinent legal authority.



1     WHEREAS the Parties recognize that a reduction in the number of patent claims asserted
2 by Good in these actions and the number of prior art references asserted by Defendants is
3 appropriate at this stage of the litigations (*i.e.,* prior to claim construction), and once again after
4 the claim construction process is complete;

5     WHEREAS the Advisory Council of the U.S. Court of Appeals for the Federal Circuit
6 recently provided, on or about July 23, 2013, a Model Order Limiting Excess Patent Claims and
7 Prior Art recommending a reduction of the number of patents claims asserted by a plaintiff in an
8 action to at most a total of 32 claims prior to claim construction and at most a total of 16 claims
9 after construction, and a corresponding reduction of prior art references asserted by a defendant to
10 at most a total of 40 references prior to claim construction, and at most a total of 20 references
11 after claim construction;

12     WHEREAS the Parties agree that time, including but not limited to time for discovery, is
13 needed for the Parties to evaluate the case in order to reduce the number of asserted patent claims
14 across the four asserted patents and to reduce the number of asserted prior art references for
15 Good's four asserted patents;

16     WHEREAS the Parties further agree that a modification of current claim construction
17 deadlines will allow for a more effective exchange of materials relating to claim construction in
18 light of the reduction in the number of patent claims asserted by Good and the number of prior art
19 references asserted by Defendants in each action, and limit the claim construction issues that may
20 be presented to the Court;

21     WHEREAS the Parties are also respectively scheduled to engage in mediation in October
22 and November 2013;

23     THEREFORE:

24     1.    The Parties request a stipulated Order setting new deadlines for the reduction of the
25 number of patent claims asserted by Good and reduction of the number of prior art references
26 asserted by MobileIron and AirWatch, as well as modifying certain existing deadlines, as follows:

27

28



JOINT STIPULATION AND [PROPOSED] ORDER LIMITING EXCESS PATENT CLAIMS
AND PRIOR ART AND MODIFYING CERTAIN DEADLINES     2
CASE NOS. C-12-05826 EJD, C-12-05827 EJD

| EVENT | CURRENT DATE[2] | MODIFIED DATE |
|---|---|---|
| Good's Preliminary Election of No More Than 32 Total Asserted Claims | N/A | December 6, 2013 |
| Defendants' Preliminary Election of No More Than 40 Total Asserted Prior Art References[3] [4] [5] | N/A | January 3, 2013 |
| Exchange of Proposed Terms for Construction (see Patent L.R. 4–1) | September 27, 2013 | January 10, 2013 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (see Patent L.R. 4–2) | October 18, 2013 | January 31, 2014 |
| Joint Claim Construction and Prehearing Statement (see Patent L.R. 4–3) | November 8, 2013 | February 21, 2014 |
| Joint Case Management Statement for Interim Conference (*The Statement shall, among other things, update the court on the parties' readiness for the Markman hearing*) | November 8, 2013 | February 21, 2014 |
| Interim Case Management Conference | November 15, 2013 at 10 a.m. | February 28, 2014 at 10 a.m.[6] |

---

[2] As set forth in the Court's Patent Scheduling Order (*Good v. MobileIron*, Dkt. No. 47; *Good v. AirWatch*, Dkt. No. 37) as modified by the Court's Order Approving Modification of Certain Deadlines (*Good v. MobileIron*, Dkt. No. 48; *Good v. AirWatch*, Dkt. No. 39).

[3] For the purposes of this Joint Stipulation and [Proposed] Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[4] To avoid any confusion, this Preliminary Election is with respect to prior art *references*, not prior art *combinations* under 35 U.S.C. § 103. Nothing in this Joint Stipulation and [Proposed] Order shall impose any limitations on the number of prior art *combinations* AirWatch or MobileIron may assert under 35 U.S.C. § 103, so long as it does not assert more than the 40 total references. Additionally, this Preliminary Election is with respect to the *total* number of prior art references across all asserted patents. Nothing in this Joint Stipulation and [Proposed] Order shall impose any limitations on the number of prior art references for any one patent.

[5] Although the Defendants (MobileIron and AirWatch) jointly agree to this Joint Stipulation and [Proposed] Order, nothing in this Joint Stipulation and [Proposed] Order shall require MobileIron and AirWatch to elect the *same* prior art references in the respective actions, neither at the Preliminary Election nor Final Election. In the same vein, nothing in this Joint Stipulation and [Proposed] Order shall require Good to elect the same asserted claims for both Defendants.

[6] Subject to the Court's availability.



| | | |
|---|---|---|
| Close of Claim Construction Discovery (see Patent L.R. 4–4) | December 2, 2013 | March 7, 2014 |
| Opening Claim Construction Brief (see Patent L.R. 4–5) | January 10, 2014 | March 28, 2014 |
| Responsive Claim Construction Brief (see Patent L.R. 4–5) | January 24, 2014 | April 18, 2014 |
| Reply Claim Construction Brief (see Patent L.R. 4–5) | January 31, 2014 | May 2, 2014 |
| Case Tutorial (see Standing Order for Patent Cases) | March 5, 2014 at 9:00 am | June 4, 2014[7] |
| Claim Construction Hearing (see Standing Order for Patent Cases) | Following Tutorial | Following Tutorial |
| Good's Final Election of No More Than 16 Total Asserted Claims[8] | N/A | 28 days after the date of the Court's claim construction order |
| Defendants' Final Election of No More Than 20 Total Asserted Prior Art References[9] [10] | N/A | 42 days after the date of the Court's claim construction order |

2. Any party may request to modify its election of asserted claims or asserted prior art. In so doing, counsel for the requesting party shall first meet and confer in good faith with counsel for the opposing party and explain the reasons for the proposed modification. The parties shall engage in a good faith conference to determine whether there is good cause for the proposed modification, also taking into account any prejudice that would be associated with the

---

[7] Subject to the Court's availability.

[8] These no more than 16 total claims shall be elected from the previously identified claims in Good's respective Preliminary Election of No More Than 32 Total Asserted Claims.

[9] These no more than 20 total prior art references shall be elected from the previously identified prior art references in the Defendants' respective Preliminary Election of No More Than 40 Total Asserted Prior Art References.

[10] To avoid any confusion, this Final Election is with respect to prior art *references*, not prior art *combinations* under 35 U.S.C. § 103. Nothing in this Joint Stipulation and [Proposed] Order shall impose any limitations on the number of prior art *combinations* AirWatch or MobileIron may assert under 35 U.S.C. § 103. Additionally, this Final Election is with respect to the *total* number of prior art references across all asserted patents. Nothing in this Joint Stipulation and [Proposed] Order shall impose any limitations on the number of prior art references for any one patent.

modification. If the parties cannot reach agreement regarding the proposed modification following their conference, the requesting party may seek leave from the Court to modify its election of asserted claims or asserted prior art. For purposes of any such motion, the requesting party must specifically show why the inclusion of additional or different asserted claims or prior art references is warranted.

3. Following the election of asserted claims, Good reserves the right to move the Court to stay resolution of the non-elected claims pending resolution of the elected claims. Similarly, following the election of asserted prior art references, MobileIron and AirWatch reserve the right to move the Court to stay resolution of the non-elected prior art pending resolution of the elected prior art.

4. Each party reserves the right to ask the Court to further limit the number of asserted claims or the number of asserted prior art references to be presented at trial.

Dated: September 26, 2013    Respectfully submitted,

McKOOL SMITH HENNIGAN, P.C.

By:  */s/ Craig N. Tolliver*
Courtland L. Reichman (SBN 268873)
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone:   (650) 394-1401
Facsimile:    (650) 394-1422
Steven J. Pollinger (*pro hac vice*)
Craig N. Tolliver (*pro hac vice*)
Geoffrey L. Smith (*pro hac vice*)

MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone:   (512) 692-8700
Facsimile:    (512) 692-8744

Robert J. Muller (SBN 189651)
Douglas P. Roy (SBN 241607)
CYPRESS LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, CA 90025
Telephone:   (424) 901-0123
Facsimile:    (424) 750-5100



**Attorneys for Plaintiffs
Good Technology Corporation and
Good Technology Software, Inc.**

Dated: September 26, 2013  KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/ *Robert J. Artuz*
Robert J. Artuz (SBN 227789)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422
Email:  *rartuz@kilpatricktownsend.com*
Benjamin M. Kleinman-Green (SBN 261846)
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor
Two Embarcadero Center
San Francisco, CA, 94111
Telephone:  (415) 576 0200
Facsimile:  (415) 576 0300
Email:  *bkleinman-green@kilpatricktownsend.com*

Susan A. Cahoon (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
Email:  *scahoon@kilpatricktownsend.com*

**Attorneys for Defendant and Counterclaim Plaintiff
AIRWATCH LLC**

Dated: September 26, 2013  ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  /s/ *Lillian J. Mao*
I. Neel Chatterjee (State Bar No. 173985)
nchatterjee@orrick.com
Vickie L. Feeman (State Bar No. 177487)
vfeeman@orrick.com
Lillian J. Mao (State Bar No. 267410)
lmao@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:  +1-650-614-7400
Facsimile:  +1-650-614-7401



JOINT STIPULATION AND [PROPOSED] ORDER LIMITING EXCESS PATENT CLAIMS
AND PRIOR ART AND MODIFYING CERTAIN DEADLINES                6
CASE NOS. C-12-05826 EJD, C-12-05827 EJD

1  **Attorneys for Defendant and Counterclaim Plaintiff MOBILEIRON, INC.**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



JOINT STIPULATION AND [PROPOSED] ORDER LIMITING EXCESS PATENT CLAIMS
AND PRIOR ART AND MODIFYING CERTAIN DEADLINES  7
CASE NOS. C-12-05826 EJD, C-12-05827 EJD

<u>Attestation of Signatures</u>

I, Craig Tolliver, attest that the concurrence in the filing of this document has been obtained from the other signatories, which shall serve in lieu of their signatures.

_____*/s/ Craig* Tolliver_____

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

Dated: 9/27/2013

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE



JOINT STIPULATION AND [PROPOSED] ORDER LIMITING EXCESS PATENT CLAIMS
AND PRIOR ART AND MODIFYING CERTAIN DEADLINES
CASE NOS. C-12-05826 EJD, C-12-05827 EJD

8