UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC., <br><br>　　　　　Plaintiffs, <br>　v. <br><br>MOBILEIRON, INC., <br><br>　　　　　Defendant. | Case No. 5:12-cv-05826-PSG <br><br>**CLAIM CONSTRUCTION ORDER** |
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC. <br><br>　　　　　Plaintiffs, <br>　v. <br><br>AIRWATCH, LLC, <br><br>　　　　　Defendant. | Case No. 5:12-cv-05287-PSG <br><br>**CLAIM CONSTRUCTION ORDER** |

　　　　Plaintiffs Good Technology Corporation and Good Technology Software, Inc. claim Defendants MobileIron, Inc. and AirWatch, LLC infringe United States Patent Nos. 6,151,606 ("Patent '606"), 7,702,322 ("Patent '322"), 7,970,386 ("Patent '386") and 8,012,219 ("Patent '219"). MobileIron counterclaims that Good infringes Unites States Patent No. 8,359,016 ("Patent

'016"). Even as they agreed to judicial correction of certain terms,[1] consistent with Pat. L.R. 4-3(c), the parties seek construction of ten others in Good's patents that are in dispute and most significant to the resolution of the case.[2] The court also granted AirWatch and MobileIron's motion to construe four other terms[3] in addition to its consideration of four terms in MobileIron's patent.[4] The parties appeared for two days of hearings on the matters at hand, on August 22, 2014 and September 18, 2014.  To avoid further delay, the court proceeds to issue its constructions without its full reasoning and analysis:

| PATENT NO. | CLAIM TERM/PHRASE | CONSTRUCTION |
|---|---|---|
| '016 | "to provide the ability for the user to select, via the application management interface, one or more of the displayed applications for installation on the mobile device" | "to allow the user to select for installation one or more applications using the application management interface" |
| '016 | "mobile device application management interface" | "a user interface that allows a user to manage the applications for a mobile device, which includes an interface to an enterprise application store" |
| '016 | "identify[ing] required applications" | "identify[ing] which applications have been designated by an administrator as 'required' for a user or set of users" |
| '016 | "comprises one or more of a role, job title, or enterprise group identifier" | plain meaning |
| '219 | "a data tracker configured to track a location of data items held on the client device, the data tracker tracking a correspondence of the data items to the first set or the second set device" | plain meaning; not subject to § 112 ¶ 6 |
| '219 | "list identifying each data item as belonging to one of the first set and the second set" | plain meaning |
| '322 | "searching a compatibility matrix [to identify/for] rules associated with each update" | "for each update, searching rules that indicate whether an update is compatible with a particular wireless device" |
| '322 | "web-based software server" | plain meaning |
| '322 | "rules uniquely identifying the updates for the wireless device" | "rules used to identify updates available for a particular wireless device" |
| '322 | "message indicating one or more files within the updates to [download/upload]" | "message indicating at least one file within the updates to [download/upload]" |

---

[1] See Case No. 12-5826, Docket Nos. 94, 110.

[2] See Case No. 12-5826, Docket No. 118 at 21-22.

[3] See Docket No. 89 at 2.

[4] See Docket No. 73.

| | | |
|---|---|---|
| '386 | "rule" | "condition and an action to be taken if that condition is met" |
| '386 | "the service" | not subject to judicial correction; indefinite as lacking antecedent basis |
| '386 | "rules engine" | "component on the wireless device that, without further communication with a server, evaluates the condition(s) specified in one or more rules received from the server and takes any action indicated by the rule" |
| '606 | "untrusted client site" | "computer accessible to unprivileged users, no matter the format of a workspace data manager or the presence of a network firewall" |
| '606 | "synchronizing the manipulated data with the data at the remote site/synchronize the data/synchronizing the manipulated workspace data with the generated workspace data of the second client site via the remote site" | "reconcile[ing] data at the remote site with the manipulated workspace data" |
| '606 | "temporary storage" | "storage location for data that is deleted each time upon logout" |

The parties should rest assured that the court arrived at these constructions after substantial study. The court completed its study with a full appreciation of not only the relevant intrinsic and extrinsic evidence, but also the Federal Circuit's teaching in *Phillips v. AWH Corp.*,[5] and its progeny. So that the parties may pursue whatever recourse they believe is necessary, a complete opinion setting out the court's reasoning and analysis will issue before entry of any judgment.

**SO ORDERED.**

Dated: October 13, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[5] 415 F.3d 1303, 1312-15 (Fed. Cir. 2005).