# EXHIBIT 1

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
VICKIE L. FEEMAN (STATE BAR NO. 177487)
vfeeman@orrick.com
LILLIAN J. MAO (STATE BAR NO. 267410)
lmao@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:   +1-650-614-7400
Facsimile    +1-650-614-7401

Attorneys for Defendant and Counterclaim Plaintiff
MOBILE IRON, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Good Technology Corporation and Good Technology Software, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> MobileIron, Inc., <br><br> Defendant. | Civil Action No. CV 12-05826 EJD <br><br> **DEFENDANT MOBILEIRON, INC.'S INVALIDITY CONTENTIONS PURSUANT TO PATENT L.R. 3-3** |

1  Pursuant to Patent L.R. 3-3 and 3-4, Defendant Mobile Iron, Inc. ("Defendant"), by and
2  through its undersigned counsel, provide the following Invalidity Contentions and
3  accompanying document production with respect to U.S. Patent Nos. 6,151,606 ("the '606
4  Patent"), 8,012,219 ("the '219 Patent"), 7,970,386, ("the '386 Patent"), and 7,702,322 ("the
5  '322 Patent") (collectively, "Good's patents-in-suit"), asserted by Plaintiffs Good Technology
6  Corporation and Good Technology Software, Inc. (collectively, "Good") in this action.
7  Defendant's Invalidity Contentions reflect its knowledge, thinking, and contentions as of this date
8  in the present action. The disclosures are based upon knowledge, information and/or belief
9  presently available to Defendant. Defendant's search for prior art is ongoing and Defendant
10 reserves the right to modify and supplement, without prejudice, its Invalidity Contentions in the
11 event that additional prior art is identified during the course of discovery, depending on any
12 findings as to the priority date(s) of the asserted claims, after the Court has construed the claims of
13 Good's patents-in-suit, positions otherwise taken by Good or its expert witness(es) concerning
14 claim construction, infringement, equivalents and/or invalidity issues and/or in response to any
15 amendment by Good of its infringement contentions served on May 17, 2013 ("Infringement
16 Contentions"), in accordance with the Federal Rules of Civil Procedure and other applicable rules
17 and statutes.
18  Nothing stated herein shall be treated as an admission or suggestion that Defendant agrees
19 with Good regarding either the scope of the asserted claims or the claim constructions advanced
20 directly or implicitly by Good in its Infringement Contentions or in any other pleading, discovery
21 request or response, or written or verbal communications with Defendant. Moreover, nothing in
22 these Invalidity Contentions shall be treated as an admission that any of Defendant's accused
23 products or technology meet any limitations of the claims. The disclosures herein are not and
24 should not be construed as a statement that no other persons have discoverable information, that
25 no other documents, data compilations, and/or tangible things exist that Defendant may use to
26 support its claims or defenses, or that no other legal theories or factual bases will be pursued.
27  Furthermore, in the absence of a claim construction order from the Court, Defendant bases
28 its Invalidity Contentions upon Defendant's knowledge and contentions at this time with respect to

### v. *Obvious Statement and Motivation to Combine*

The references identified in Sections II(B)(i) through B(iv) provide interrelated teachings and one of ordinary skill would look to these references when seeking to solve the problems purportedly solved by Good's patents-in-suit. In addition, one of ordinary skill in the art would be motivated to combine the teachings of the references in at least the above-listed combinations. With respect to this motivation, the Supreme Court stated that "[i]n determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. What matters is the objective reach of the claim. If the claim extends to what is obvious, it is invalid under § 103." *KSR International Company v. Telflex, Inc. et al.*, 550 U.S. 398 (2007). In sum, one of skill in the art would also have been motivated to combine these reference by education, knowledge, and experience, by the state of the prior art as a whole, by the nature of the problem to be solved (*e.g.*, maintaining a collection of electronically accessible resources) in light of common sense and the teachings of the known art. Moreover, one of skill in the art would have been well-equipped with sufficient education, knowledge, and training to make the specific combinations with a reasonable expectation of success. Furthermore, each of the references identified as an invalidating reference under 35 U.S.C. § 102 in Section II.A above also serves as a motivation to combine these references, illustrates the state of the art at the time the applications for each of Good's patents-in-suit were filed, and demonstrates the likelihood of success for such combinations perceived by those of skill in the art at said time.

### III.  THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 101

Defendant's invalidity contentions under 35 U.S.C. § 101 are set forth below. Where a claim is identified as failing to meet one or more requirements of § 101, it is to be understood that all claims that depend from such a claim likewise are invalid pursuant to 35 U.S.C. § 101. In making these contentions, Defendant is not necessarily proposing a specific level of ordinary skill in the art, and these contentions are based at least in part on what Good may contend is the level of ordinary skill in the art. Defendant does not concede that Good's contentions as to the level of ordinary skill in the art are proper and may contest any such contentions.

Defendant identifies the following asserted claims of the respective Good patents as being invalid under 35 U.S.C. § 101 for being unpatentable subject matter:

- **The '606 Patent: Claims 21, 25, 44-46**
- **The '219 patent: Claim 9.**

Under United States patent law, transitory, propagating signals are not a "process, machine, manufacture, or composition of matter." *See In re Nuijten*, 500 F.3d 1346, 1357 (Fed. Cir. 2007). As such, Beauregard claims, i.e., those claiming computer readable storage media, are not patent eligible because they could encompass transitory signals. *See id.*; *see also Ex parte Mewherter*, that are unpatentable under In re Nuijten (Fed. Cir. 2007). See Ex parte Mewherter, PTAB (Appeal 2012-007692) at 4-14.

Each of the claims identified above claim "computer readable storage media." As these claims could encompass transitory signals, they are invalid under 35 U.S.C. § 101.

## IV. THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 112 [PATENT L.R. 3-3(D)]

Defendant's invalidity contentions under 35 U.S.C. § 112 are set forth below. Where a claim is identified as failing to meet one or more requirements of § 112, it is to be understood that all claims that depend from such a claim likewise are invalid pursuant to 35 U.S.C. § 112. In making these contentions, Defendant is not necessarily proposing a specific level of ordinary skill in the art, and these contentions are based at least in part on what Good may contend is the level of ordinary skill in the art. Defendant does not concede that Good's contentions as to the level of ordinary skill in the art are proper and may contest any such contentions.

### A. Section 112, Paragraphs 1-2

Defendant identifies the following asserted claims (and any claims that depend therfrom) of the respective Good patents as being invalid under 35 U.S.C. § 112, ¶¶ 1-2 for indefiniteness, lack of written description and/or enablement.

- **The '606 patent: Claims 1, 2, 4, 5, 6, 9, 10, 11, 18, 21, 25, 29, 30, 44, 45 and 46;**
- **The '322 patent: Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, and 18;**
- **The '386 patent: Claims 1, 2, 4, 5, 6, 8, 9, 16, 17, 18, 20, 22, 23, and 24; and**

Dated:  September 3, 2013

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Lillian J. Mao*
       LILLIAN J. MAO

Attorneys for Defendant and Counterclaim Plaintiff
MOBILEIRON, INC.

MOBILEIRON, INC.'S INVALIDITY CONTENTIONS PURSUANT TO PATENT L.R. 3-3      - 70 -
CASE NO. CV 12-05826 EJD