1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| MOBILEIRON, INC., | ) ) ) ) |
| Defendant. | ) ) |

Case No. 5:12-cv-05826-PSG

**OMNIBUS ORDER RE: MOTIONS TO SEAL**

**(Re: Docket Nos. 186, 199, 207, 216)**

Before the court are four administrative motions to seal several documents.  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4]  Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

2

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the court rules on the instant motions as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| 186 | Exhibit C to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 186 | Exhibit F to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 186 | Exhibit J to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 186 | Exhibit K to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 186 | Exhibit L to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79- |

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | | | 5(d)(1)(A).  If non-party Computer Associates, Inc. seeks to seal this exhibit, it may do so by filing a motion for reconsideration. *See* Docket No. 189 at 1. |
| 186 | Exhibit M to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. |
| 186 | Exhibit N to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. |
| 186 | Exhibit P to the Declaration of Joel Stonedale | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 186 | Exhibit Q to the Declaration of Joel Stonedale | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit A to the Declaration of Lillian J. Mao | Designations at Docket No. 199-6, Exhibit A at 6:22-7:8 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 199 | Exhibit B to the Declaration of Lillian J. Mao | UNSEALED | Not narrowly tailored to confidential business information. |
| 199 | Exhibit C to the Declaration of Lillian J. Mao | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit F to the Declaration of Lillian J. Mao | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 1 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 2 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |

4

United States District Court
For the Northern District of California

| 199 | Exhibit 3 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
|---|---|---|---|
| 199 | Exhibit 4 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 5 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 8 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 9 to the Declaration of Glen Liu | UNSEALED | Not narrowly tailored to confidential business information. |
| 199 | Exhibit 10 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 11 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 12 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 13 to the Declaration of Glen Liu | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 199 | Exhibit 14 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 16 to the Declaration of Glen Liu | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 199 | Exhibit 19 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 20 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business |

5

United States District Court
For the Northern District of California

| | | | information. |
|---|---|---|---|
| 199 | Exhibit 22 to the Declaration of Glen Liu | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 199 | Exhibit 24 to the Declaration of Glen Liu | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 199 | Exhibit 26 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 27 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 28 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 29 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 30 to the Declaration of Glen Liu | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 199 | Exhibit 31 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 32 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | Exhibit 33 to the Declaration of Glen Liu | SEALED | Narrowly tailored to confidential business information. |
| 199 | MobileIron, Inc.'s Motion for Summary Judgment on Lanham Act and Unfair Competition Claims | Designations in yellow at Docket No. 199-5 at 1:15-22 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 199 | MobileIron's Motion for | Designations in yellow at Docket | Only sealed portions |

Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

United States District Court
For the Northern District of California

| | | | | |
|---|---|---|---|---|
| | | Summary Judgment on Good's Lost Profits Damages | No. 199-8 at 1:8, 1:19, 1:26, 5:15-16, 5:18-26; all figures designated in yellow on page 6 and text designated in yellow at 6:4, designations in yellow at 6:25-26; all designations in yellow on pages 7-10; all figures designed in yellow on pages 11-12 and text designated in yellow at 12:18-19, designations in yellow at 12:23; all designations in yellow on pages 13-14; designations in yellow at 15:1-6; all designations in yellow on pages 16-20; designations in yellow at 21:2-4, 21:12, 21:15, 21:18-20, 21:22-28; and all designations in yellow on page 22 SEALED; all other designations UNSEALED. | narrowly tailored to confidential business information. |
| 207 | | Plaintiffs' Opposition to MobileIron's Motion to Strike Portions of Good's Expert Report | All designations in yellow at Docket No. 207-3 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 216 | | Exhibit A to the Declaration of Will Melehani | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 216 | | MobileIron's Reply in Support of Motion to Strike | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

**SO ORDERED.**

Dated: April 9, 2015

*Paul S. Grewal*

PAUL S. GREWAL
United States Magistrate Judge

7