1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GOOD TECHNOLOGY CORPORATION and<br>GOOD TECHNOLOGY SOFTWARE, INC., | ) )<br>) | Case No. 5:12-cv-05826-PSG |
| Plaintiffs, | ) )<br>) | **ORDER GRANTING-IN-PART<br>MOTIONS TO STRIKE PORTIONS<br>OF EXPERT REPORTS** |
| v. | ) ) | |
| MOBILEIRON, INC., | ) ) | **(Re: Docket Nos. 178, 185)** |
| Defendant. | ) ) )<br>) | |

Plaintiffs Good Technology Corporation and Good Technology Software, Inc. ("Good") and Defendant MobileIron, Inc. each move to strike portions of the other's expert reports. Upon extended review of the parties' papers and consideration of today's lengthy oral arguments, both motions are GRANTED-IN-PART.[1]

There are two key issues to consider: was the portion of the expert report previously disclosed, and if not, was the non-disclosure substantially justified and harmless? Courts in this district consider five factors to determine whether a non-disclosure was substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the

_____

[1] Any issues omitted from this order were deemed withdrawn according to the parties' representations on the papers and at oral argument.

United States District Court
For the Northern District of California

1  trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for it[s]

2  failure to disclose the evidence."[2]

3       The court rules as follows:

| Issue | Ruling |
|---|---|
| **Good's Motion to Strike** | |
| Opinions on lack of written description in Gray Invalidity Report at ¶¶ 132-40 | DENIED |
| Opinions on Hasebe and use of an IMAP4 server in Gray Invalidity Report at Exh. C and Exh. E | GRANTED |
| Opinions on Clark related to "logging out theory" in Gray Invalidity Report at Exh. B | GRANTED |
| Opinions on lack of written description of the term "maintaining particular settings associated with the service" in Sacerdoti Invalidity Report at 80-81 | DENIED |
| Opinions on allegedly undisclosed "prior art references" in Sacerdoti Invalidity Report at Appendix C, Appendix D and Appendix E | GRANTED |
| Opinions on non-infringing alternatives in Gray Non-Infringement Report at ¶¶ 327-37 and Sacerdoti Non-Infringement Report at ¶¶ 59-61, 116-19; reliance on same in Eichmann Report at ¶¶ 37-38 | DENIED |
| **MobileIron's Motion to Strike** | |
| Late production of prior art source code | GRANTED |
| Undisclosed conception date for the '322 patent | GRANTED |
| New invalidity theory for "filtering" of '016 patent | GRANTED |
| New infringement theory for "list" of '219 patent | DENIED |
| New infringement theories for the '322 patent | DENIED |

**SO ORDERED.**

Dated: April 23, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[2] *Guzik Tech. Enters. v. Western Digital Corp.*, Case No. 11-cv-03786, 2013 U.S. Dist. LEXIS 164727, at *15 (N.D. Cal. Nov. 18, 2013) (citing *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011)).

Case Nos. 5:12-cv-05826-PSG
ORDER GRANTING-IN-PART MOTIONS TO STRIKE PORTIONS OF EXPERT REPORTS

United States District Court
For the Northern District of California