UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOBILEIRON, INC., <br><br> Defendant. | Case No. 5:12-cv-05826-PSG <br><br> **OMNIBUS ORDER RE: MOTIONS TO SEAL** <br><br> **(Re: Docket Nos. 255, 261, 265)** |

Before the court are three administrative motions to seal documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1
Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the court rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 255 | Exhibit 1 to the Declaration of Eric C. Green | All text at Docket 255-5 SEALED except text at 15:1-17:8 and 232:12-233:6 UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 2 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-7 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 3 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-10 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 4 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-12 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 5 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-14 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 6 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to confidential business |

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

3

Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| | | | information. |
|---|---|---|---|
| 255 | Exhibit 7 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to confidential business information. |
| 255 | Exhibit 8 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to confidential business information. |
| 255 | Exhibit 9 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to confidential business information. |
| 255 | Exhibit 11 to the Declaration of Eric C. Green | Text at Docket No. 255-19 at 377:3-25 SEALED; all other text UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 12 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-21 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 14 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-23 at ¶¶ 20, 23 and 48 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 16 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-25 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 18 to the Declaration of Eric C. Green | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 255 | Exhibit 19 to the Declaration of Eric C. Green | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 255 | Exhibit 25 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to confidential business information. |
| 255 | Exhibit 26 to the Declaration of Eric C. Green | UNSEALED | Not narrowly tailored to confidential business information. |

| | | | |
|---|---|---|---|
| | | | *See* Civ. L.R. 79-5(d)(1)(A). |
| 255 | Exhibit 27 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to confidential business information. |
| 255 | Exhibit 28 to the Declaration of Eric C. Green | Top email at Docket No. 255-33 SEALED; original email being forwarded UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 29 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-35 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Exhibit 30 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to attorney work product and confidential business information. |
| 255 | Exhibit 31 to the Declaration of Eric C. Green | SEALED | Narrowly tailored to attorney work product and confidential business information. |
| 255 | Exhibit 32 to the Declaration of Eric C. Green | Designations in yellow at Docket No. 255-40 at ¶¶ 227-229 and 329 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 255 | Good's Opposition to MobileIron's Motion for Summary Judgment of Non-Infringement and Invalidity | Designations in yellow at Docket No. 255-4 at 5:25-28, 6:1-13, 6:15-17, 6:22-26, 7:1-3, 7:7-10, 7:15-17, 7:20-24, 8:7-11, 8:16-23, 9:1-2, 9:7-9, 13:11-23, 14:3-6, 14:13-14, 14:23-27, 16:19-21, 16:26-28, 17:5, 25:14-22, 25:27, 26:1-2, 26:4, 26:17-25, 28:24-25, 29:26-28, 44:5-12, 46:18-22, 47:2-4, 47:10-11, 47:14-17, 48:11-14, and 48:16-17 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 261 | Exhibit 2 to the Declaration of Joel Stonedale | Designations in yellow at Docket No. 261-6 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |

5

Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| 261 | Motion to Strike Portions of Defendant's Expert Report Regarding Defendant's Infringement Counterclaim | Designations in yellow at Docket No. 261-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
|---|---|---|---|
| 265 | Exhibit 41 to the Declaration of Vickie Freeman | SEALED | Narrowly tailored to confidential business information. |
| 265 | Exhibit 42 to the Declaration of Vickie Freeman | SEALED | Narrowly tailored to confidential business information. |
| 265 | Exhibit 43 to the Declaration of Vickie Freeman | SEALED | Narrowly tailored to confidential business information. |
| 265 | Exhibit 34 to the Declaration of Glen Lui | UNSEALED | Not narrowly tailored to confidential business information. *See* Civ. L.R. 79-5(d)(1)(A). |
| 265 | Exhibit 35 to the Declaration of Glen Lui | SEALED | Narrowly tailored to confidential business information. |
| 265 | Exhibit 37 to the Declaration of Glen Lui | SEALED | Narrowly tailored to confidential business information. |
| 265 | MobileIron, Inc.'s Reply in Support of the Motion for Summary Judgment of Non-Infringement and Invalidity | Designations in yellow at Docket No. 265-8 at 2:4-28, 4:25-28, 7:10-21, 8:1, 9:2-3, 9:10-12 and 17:27-28 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 265 | MobileIron, Inc.'s Reply in Support for the Motion for Summary Judgment on Lost Profits | Designations in yellow at Docket No. 265-5 at i:11-12, 2:8-9, 4:11-12, 5:5, 5:20-22, 8:6-7, 10:9-28, 11:1, 11:19-26 and 12:15 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: April 30, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge