UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC.,<br><br>Plaintiffs,<br>v.<br><br>MOBILEIRON, INC.,<br><br>Defendant. | Case No. 5:12-cv-05826-PSG<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Re: Docket No. 194)** |

In *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, the Supreme Court held that 35 U.S.C. § 101 bars any patent claim directed to an abstract idea unless the claim includes "additional features" that transform the idea into a patent eligible invention.[1]  At first glance, *Alice* would seem to pose serious problems for each of the claims of two patents Plaintiffs Good Technology Corporation and Good Technology Software, Inc. assert against Defendant MobileIron, Inc.  United States Patent No. 7.907,386 appears directed to little more than the notion of enforcing rules.  United States Patent No. 7,702,322 appears no less abstract in claiming a way of ensuring the compatibility of two items used together.  In the absence of a transformation of these ideas, Good would appear to be the owner of two patents worth little more than the paper they are printed on.

There's just one thing—MobileIron never told Good about any Section 101 problem.

---

[1] 134 S. Ct. 2347 (2014).

In this district, the rules are clear: a party opposing a claim of patent infringement must include in its invalidity contentions "[a]ny grounds of invalidity based on 35 U.S.C. § 101."[2] Invalidity grounds not disclosed "are barred."[3] To its credit, MobileIron freely concedes that even though its contentions included Section 101 challenges to other asserted claims, MobileIron did not include any of the challenges it now brings in its motion for judgment on the pleadings.

No worries, says MobileIron. Patent eligibility under Section 101 is a "threshold inquiry" of law akin to jurisdiction,[4] and the local patent rules do not extend to motions on the pleadings that require no discovery. Unfortunately for MobileIron, the arguments fly in the face of longstanding precedent.

***First***, while appellate courts have likened patent eligibility to jurisdiction,[5] the focus of such comments are plainly on timing—that is, when Section 101 should be considered. They do not suggest that eligibility implicates Article III authority such that the issue is always subject to court review. Nor could they: as the Supreme Court has gone to great lengths to explain, eligibility questions such as those presented by MobileIron are a matter of statute, and nothing more.[6]

***Second***, the Federal Circuit has recognized that our local patent rules "are designed to address this problem [of nondisclosure] by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery."[7] Importantly, the Circuit also has affirmed that this court "may impose any 'just' sanction" for violating these rules, including "'refusing to allow the disobedient party to support or

---

[2] Patent L.R. 3-3(d).

[3] *Mediatek Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-cv-05341, 2014 U.S. Dist. LEXIS 22442, at *3 (N.D. Cal. Feb. 21, 2014).

[4] *In re Bilski*, 545 F.3d 943, 950-51 (Fed. Cir. 2008), *aff'd*, *Bilski V. Kappos*, 130 S. Ct. 3218 (2010).

[5] *See, e.g.*, *Ultramercial Inc. v. Hulu LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring).

[6] *See Diamond v. Chakrabarty*, 447 U.S. 303, 315-16 (1980).

[7] *O2 Micro Int'l Ltd. v. Monolithic Power Sys. Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).

oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'"[8]

Maybe things would be different if at some point MobileIron had sought leave to amend its invalidity contentions. Then, perhaps, MobileIron's diligence and the prejudice to Good would matter more. But no such leave was sought, discovery is complete and trial is now just two months away.[9]

In sum, even at the cost of proceeding with patents that may have issues under Section 101, this court must hold parties to their failure to disclose contentions. This district's patent rules only work if there are consequences for failing to comply. MobileIron's motion is DENIED.

**SO ORDERED.**

Dated: May 4, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[8] *Id.* (citing Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)).

[9] MobileIron's request to do so in its reply brief in support of its Rule 12(c) motion—only after being called out by Good—hardly qualifies.