UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION and GOOD TECHNOLOGY SOFTWARE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MOBILEIRON, INC.,<br><br>Defendant. | Case No. 5:12-cv-05826-PSG<br><br>**OMNIBUS ORDER RE: MOTIONS TO SEAL**<br><br>**(Re: Docket Nos. 314, 316, 317, 330, 333, 340, 344)** |

Before the court are seven administrative motions to seal 49 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1
Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
| --- | --- | --- | --- |
| 314 | Good's Reply to its Motion to Strike Portions of Defendant's Expert Report Regarding Defendant's Infringement Counterclaims | Designations highlighted in yellow at Docket No. 314-4 SEALED. | Narrowly tailored to confidential business information. |
| 316 | Good's Opposition to MobileIron's Motion to Exclude certain opinions of Good's experts | Designations highlighted in yellow at Docket No. 316-5 SEALED EXCEPT pages 2:18-19, 15:13-16, 19:19-20 UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 316 | Declaration of Ira Cook | UNSEALED. | Not narrowly tailored to confidential business information. |
| 316 | Exhibit 1 | SEALED EXCEPT page 1 at Docket No. 316-8 UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 316 | Exhibit 2 | SEALED. | Narrowly tailored to confidential business information. |

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

3

Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| 316 | Exhibit 3 | UNSEALED. | Not narrowly tailored to confidential business information. |
|---|---|---|---|
| 316 | Exhibit 4 | Pages 20:16-21:23 at Docket No. 316-11 SEALED; page 28:22-25 at Docket No. 316-11 SEALED; pages 42:18-44:2 at Docket No. 316-11 SEALED; page 44:4, 44:14 at Docket No. 316-11 SEALED. | Narrowly tailored to confidential business information. |
| 316 | Exhibit 5 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 316 | Exhibit 6 | Page 28:11-12 at Docket No. 316-13 SEALED; page 29:14-25 at Docket No. 316-13 SEALED. | Only sealed portions narrowly tailored to confidential business information.[14] |
| 317 | MobileIron's Opposition to Good Technology Plaintiffs' Motion to exclude opinions of MobileIron's proposed experts Richard Eichmann, Earl Sacerdoti, Stephen Gray and Peter Reiher | Designations highlighted in yellow at Docket No. 317-5 SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 1 | ¶¶ 43, 47-48, 52(b), 59, 61-63, 69-76, 85 and 89-90 at Docket No. 317-6 SEALED; footnote 17 at Docket No. 317-6 SEALED; the table after ¶ 58, the table after ¶ 62 and the table after ¶ 88 at Docket No. 317-6 SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 3 | Page 33:2 at Docket No. 317-7 SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 4 | SEALED EXCEPT page 1, ¶¶ 45-64 at Docket No. 317-7 UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |

---

[14] Page 29:26-28 could not be considered because it was not submitted to the court.

| 317 | Exhibit 5 | UNSEALED. | Not narrowly tailored to confidential business information. |
| 317 | Exhibit 6 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 7 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 8 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 9 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 10 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 11 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 12 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 13 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 14 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 15 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 16 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 17 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

Case No. 5:12-cv-05826-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

| 317 | Exhibit 18 | SEALED. | Narrowly tailored to confidential business information. |
| --- | --- | --- | --- |
| 317 | Exhibit 19 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 20 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 21 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 317 | Exhibit 22 | SEALED. | Narrowly tailored to confidential business information. |
| 317 | Exhibit 23 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 317 | Exhibit 24 | All monetary values at Docket No. 317-9 SEALED; ¶¶ 112-113 at Docket No. 317-9 SEALED; all other requests UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 317 | Exhibit 25 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 317 | Exhibit 26 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 317 | Exhibit 28 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 317 | Exhibit 33 | UNSEALED. | Not narrowly tailored to confidential business information. |

| | | | |
|---|---|---|---|
| 317 | Exhibit 34 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 330 | MobileIron's Reply in Support of Motion to Exclude the Opinions and Testimony of Good's Experts, Mr. Roy Weinstein and Dr. Hugh Smith | Designations highlighted in yellow at Docket No. 330-5 SEALED EXCEPT pages 7:21, 8:1, 15:13-14 UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 330 | Exhibit 25 | Designations highlighted in yellow at Docket No. 330-6 SEALED. | Narrowly tailored to confidential business information. |
| 330 | Exhibit 26 | UNSEALED. | Not narrowly tailored to confidential business information. |
| 330 | Exhibit 27 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 330 | Exhibit 28 | Section titled "Good License Agreements" on pages 9-10 at Docket No. 330-9 SEALED; all other requests UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 333 | Plaintiff Good Technology Corporation and Good Technology Software, Inc.'s Reply in Support of Motion to Exclude Opinions of MobileIron's Proposed Experts Richard Eichmann, Earl Sacerdoti, Stephen Gray and Peter Reiher | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 333 | Exhibit 2 | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 340 | Exhibit A | Designations highlighted in yellow at Docket No. 340-3 SEALED EXCEPT lines 7:21, 8:1, 15:13-14 UNSEALED. | Sealed consistent with ruling re Docket No. 330-5. |

| | | | |
|---|---|---|---|
| 340 | Exhibit B | Page 38, lines 8, 19, 23 at Docket No. 340-5 SEALED; page 67, line 15 at Docket No. 340-5 SEALED; page 98, lines 9, 13 at Docket No. 340-5 SEALED; page 100, lines 16, 20 at Docket No. 340-5 SEALED; page 153, line 1 at Docket No. 340-5 SEALED. | Only portions previously sealed at Docket No. 293 narrowly tailored to confidential business information. As to pages 173-175, no declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 344 | Exhibit D | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 344 | Exhibit E | UNSEALED. | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

**SO ORDERED.**

Dated: June 12, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge