Courtland L. Reichman, SBN 2668873
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Tel: (650) 394-1400; Fax: (650) 394-1422
creichman@mckoolsmith.com

Steven J. Pollinger (*pro hac vice*)
Craig N. Tolliver (*pro hac vice*)
Geoffrey L. Smith (*pro hac vice*)
Eric C. Green (*pro hac vice*)
MCKOOL SMITH, P.C.
300 West 6th Street, Suite 1700
Austin, Texas 78701
Tel: (512) 692-8700; Fax: (512) 692-8744
spollinger@mckoolsmith.com; gsmith@mckoolsmith.com;
ctolliver@mckoolsmith.com; egreen@mckoolsmith.com;

Robert Muller, SBN 189651
Douglas P. Roy, SBN 241607
CYPRESS, LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Tel: (424) 901-0123; Fax: (424) 750-5100
bob@cypressllp.com; doug@cypressllp.com

Attorneys for Plaintiffs
Good Technology Corporation and
Good Technology Software, Inc.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| Good Technology Corporation and Good Technology Software, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> MobileIron, Inc. <br><br> Defendant. | ) Case No. 5:12-cv-05826 PSG <br> ) <br> ) **GOOD TECHNOLOGY PLAINTIFFS'** <br> ) **RESPONSE TO MOBILEIRON'S** <br> ) **MOTION TO CLARIFY IMPACT OF** <br> ) **COURT'S RULINGS ON SCOPE OF** <br> ) **TRIAL (DKT. 442)** <br> ) ———— <br> ) <br> ) <br> ) <br> ) <br> ) |

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

MobileIron's Motion To Clarify (Dkt. 442) is actually aimed at eliminating Good's Seventh Amendment right to a jury trial in this case. MobileIron asks the Court to reconsider its ruling on allowing the Lanham Act claims to go to a jury, but there is no reason to revisit this issue. MobileIron's motion also seeks to eliminate Good's right to a jury trial on all of the patents-in-suit, contrary to the Seventh Amendment and the presumption under 35 U.S.C. § 284 that a patentee is entitled to no less than a reasonable royalty. It is undisputed that Good claims damages from MobileIron's direct infringement and it is undisputed that Good has requested a jury trial since the day it filed this suit. *See* Dkt. 1. It is irrelevant whether certain damages theories are in or out of the case as MobileIron argues. Good is entitled, under the statute, to no less than a reasonable royalty for MobileIron's infringement. 35 U.S.C. § 284. A reasonable royalty damages claim entitles Good to a jury trial. *See e.g. Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1204 (E.D. Cal. 2011) ("The Seventh Amendment right to jury trial applies in patent infringement actions for damages.") (citing *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1339 (Fed. Cir. 2011).

Furthermore, MobileIron's motion also serves as a motion for summary judgment on damages, to which Good has had less than two days to respond, filed long after the deadline for dispositive motions.[1] Further, MobileIron's motion misstates the effect of the Court's rulings, the evidence, and the law. MobileIron is mistaken regarding Good's infringement theories, mistaken regarding Good's damages theories, and mistaken regarding the connections between the two. MobileIron's motion is predicated on its assertion that Good cannot prove any damages for MobileIron's internal use of the accused technologies. This is incorrect. Moreover, Good's direct infringement case against MobileIron is not limited to its internal use. Given the expedited nature of the response briefing, Good is not able to respond to the substantive arguments set forth by MobileIron at this time.[2] Regardless, those arguments are irrelevant on the issue of whether Good is entitled to a jury trial.

---

[1] MobileIron has known about Good's direct infringement claims and its sales based damages claim since well before the deadline for filing summary judgment motions. MI didn't file one then and can't come in and file one late now, right before trial.

[2] If the Court were to treat MobileIron's motion on the substantive arguments, as effectively a new summary judgement motion, Good would ask for a full opportunity to respond.

-1-

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

As an afterthought, MobileIron again seeks reconsideration of the Court's Lanham Act Summary Judgment and bifurcation orders, which the Court should summarily deny as these matters were already considered and denied.[3] *See* Dkt. No. 349; Dkt. No. 437 at 9:2-3.

MobileIron also argues that Good's reasonable royalty theories are no longer in the case and thus a jury trial is not required because Good cannot prove damages and thus the only relief available is equitable.[4] First, MobileIron incorrectly characterizes Good's royalty theories, but setting that aside, *even if* Good's theories were stricken, it would still be entitled to a jury trial.

35 U.S.C. § 284 provides that "the court shall award [the patent owner] damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty," even in the absence of expert testimony. *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003) (finding error where the district court concluded that no damages could be awarded where the plaintiff failed to present expert testimony on the issue). The calculation of a reasonable royalty is a question for the jury. *Integra Lifesciences I, LTD v. Merck KGaA*, 331 F. 3d 860, 869-870 (Fed. Cir. 2003) (*vacated on other grounds* 545 U.S. 193 (2005)). In the event a patentee proves infringement but fails to meet its burden to prove damages, the *Georgia-Pacific* factors may be used to award such reasonable royalties as the evidence will support. *Id.*

---

[3] Good *does* have a claim for actual monetary damages, and factual issues concerning those damages will be presented to the jury. MobileIron's stylized Motion to Clarify is just a further request for reconsideration of the Court's summary judgment Order that "a jury is required" to determine "whether MobileIron deliberately distributed false marketing materials, which gives rise to a presumption of injury." Dkt. No. 349 at 5. Based on this presumption, a reasonable jury could, after hearing the evidence, award Good appropriate monetary relief. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1146 (9th Cir. 1997). In *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-1076 (9th Cir. 2015), cited by MobileIron, the plaintiff's Lanham Act damages were actually tried by a jury, a point MobileIron fails to mention. As the district court's decision in that case explains, only after the jury verdict was rendered did the Court make additional findings concerning injunctive relief and disgorgement. 915 F.Supp.2d 1179, 1184 (D.Nev. 2013). Moreover, MobileIron's puzzling reliance on the Court's Order concerning Motion in Limine No. 11 does not support its argument; the Court denied that motion. Dkt. No. 437 at 6:5.

[4]

-2-

MobileIron's motion mischaracterized both the claims Good will assert at trial and the legal basis for MobileIron's infringement.  For the asserted apparatus claims (which comprise a majority of the claims Good will assert at trial), Good will establish that MobileIron is liable for direct infringement based on making, using and selling the infringing devices.  For some claims, MobileIron itself provides each limitation.  While other claims recite some limitations that others (at least in part) provide, MobileIron is still directly liable for the infringement because MobileIron alone put the infringing system as a whole "into service," (*see Soverain Software LLC v. J.C. Penney Corp.*, 899 F. Supp. 2d 574, 581 (E.D. Tex. 2012); *Rembrandt Soc. Media, LP v. Facebook*, Inc., 950 F. Supp. 2d 876, 887 (E.D. Va. 2013) ("[E]ven though defendants' use of the system may be put in motion by the Facebook user, defendants themselves directly infringe the system because they place into use each element of the claimed system.")) or because MobileIron directs and controls the infringement. Moreover, MobileIron directly infringes the few asserted method claims through its use of those methods to support its business.

Under each basis of direct infringement, Good is entitled to a reasonable royalty tied to the revenue it receives from infringing sales.  MobileIron does not dispute that Good has amply disclosed this method of determining a reasonable royalty amount.  *See Minco, Inc. v. Combustion Engineering*, 95 F.3d 1109, 1113 (Fed. Cir. 1996).

In light of the statutory presumption of damages upon a finding of infringement, there is no basis to grant MobileIron's motion to clarify on the issue of damages with the understanding that Good will be limited to the assessment of a reasonable royalty. *See Interwoven, Inc. v. Vertical Computer Sys.*, 2014 U.S. Dist. LEXIS 13902, *17-19 (N.D. Cal. Feb. 3, 2014). It is improper to grant what is, in essence, a motion for summary judgment to eliminate Good's damages claims where Good has viable infringement and damages theories that entitle it to a jury trial.

In sum, MobileIron's veiled motion for summary judgment disguised as a motion to clarify should be denied. Good has asserted direct infringement claims since the onset of this case and Good seeks a reasonable royalty Therefore, Good is entitled to a jury trial. *See In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) ("[P]atentee [has] the right to elect a jury by seeking

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

-3-

damages in an infringement action."). Furthermore, under 35 U.S.C. § 284 Good is entitled to a reasonable royalty that is supported by the evidence. Since Good is seeking damages in the amount of a reasonable royalty, it is improper to deprive Good of its right to a jury trial.

DATED: July 8, 2015                                    MCKOOL SMITH HENNIGAN, P.C.


                                                       By:  _/s/ Craig Tolliver_


                                                       Attorney for Plaintiffs
                                                       Good Technology Corporation and
                                                       Good Technology Software, Inc.

McKool Smith Hennigan, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065

-4-