I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
VICKIE L. FEEMAN (STATE BAR NO. 177487)
vfeeman@orrick.com
LILLIAN J. MAO (STATE BAR NO. 267410)
lmao@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:    +1-650-614-7400
Facsimile:    +1-650-614-7401

GLEN LIU (STATE BAR NO. 251591)
gliu@orrick.com
WILL H. MELEHANI (STATE BAR NO. 285916)
wmelehani@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
Telephone:    +1-949-567-6700
Facsimile:    +1-949-567-6710

Attorneys for Defendant
MOBILEIRON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION AND GOOD TECHNOLOGY SOFTWARE, INC.,<br><br>           Plaintiffs,<br><br>     v.<br><br>MOBILEIRON, INC.,<br><br>           Defendant. | Case No. CV-12-05826 PSG<br><br>**MOBILEIRON'S MOTION TO PRECLUDE GOOD TECHNOLOGY FROM RELYING ON MORE THAN 4 PRIOR ART REFERENCES** |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

MOTION TO PRECLUDE GOOD FROM RELYING ON
MORE THAN 4 PRIOR ART REFERENCES
CV12-05826 PSG

## I.   INTRODUCTION

MobileIron moves to enforce the Court's order limiting Good to four prior art references at trial.  After the Court's order, Good changed how it counts its references and now treats two prior art references—the Ondeego AppCentral product and the Nagpal patent application—as a single reference.  But Good's expert Dr. Akl treats Ondeego AppCentral and Nagpal as separate references.  And Dr. Akl identifies different functionality and presents different invalidity theories for each reference.  Nothing in Dr. Akl's opinion specifically states (1) what portions of the Nagpal reference relates to Ondeego Appcentral or (2) what portions of Ondeego Appcentral relates to the Nagpal reference.  Good's election of prior art is a transparent end-run around the Court's order.

## II.   BACKGROUND

Good's expert, Dr. Akl, treats Ondeego AppCentral and Nagpal as distinct references.  He discusses each reference in separate sections of his report.  In total, Dr. Akl's report discussed ten prior art references: (1) Ondeego AppCentral, (2) GFE, (3) Lange, (4) Clare, (5) Maurya, (6) Mehta, (7) Kjellberg, (8) Bilange, (9) Krzyzanowski, and (10) Nagpal.[1]  Dr. Akl confirmed this in his deposition:

Q. In your invalidity report, you analyze 10 different pieces of prior art, correct?

A. Yes, that is correct.[2]

Good dropped Bilange, bringing the total to nine.  That was the situation leading into the morning conference with the Court on July 16, 2015.

At the July 16 conference, the Court ordered Good to reduce its number of prior art references to four.[3]  Good sought to present five prior art references to the jury, but the Court rejected that proposal and, over objection from MobileIron's counsel, Good represented that it "can accept four."[4]

At the time Good was required to disclose its four selected references—at 7:00pm on July

---

[1] Decl. of Lillian J. Mao, Ex. 1 (Akl Invalidity Report Table of Contents).
[2] *Id.*, Ex. 2 (Akl Dep.) at 49:17-19.
[3] *Id.*, Ex. 3 (Trial Tr.) at 10:24-25, 12:2-3.
[4] *Id.* at 8:16-22, 10:20-12:3.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

MOTION TO PRECLUDE GOOD FROM RELYING ON
MORE THAN 4 PRIOR ART REFERENCES
CV12-05826 PSG

17, 2015—Good identified the following:
    Clare (including PX1285),
    GFE (including PX497- 499, 1757),
    AppCentral (including PX495, 1008, 1290-1292, 1758-1759) and
    Mehta (including PX1286).[5]

MobileIron promptly identified two problems with Good's election. First, PX1008 was not timely disclosed in Good's invalidity contentions. Second, Good treated AppCentral as including PX1290 and PX1291, which are the Nagpal reference and provisional application that Dr. Akl admitted was a different prior art reference. This disclosure was inconsistent with Dr. Akl's unequivocal admission that he was treating AppCentral and Nagpal as separate references. The parties could not reach agreement on this issue, forcing MobileIron to file this motion.

### III. ARGUMENT

Good's election of prior art is a transparent attempt to violate the Court order and assert five references at trial instead of the Court-ordered four. As he admitted in his report and in deposition, Dr. Akl does not consider Nagpal to be part of the Ondeego AppCentral prior art. Good has never disclosed any theory of how the substance of Nagpal is describing Ondeego AppCentral. Yet Good now seeks to improperly count Nagpal as part of the AppCentral reference.

Good plainly understood this implication of the Court's order: When MobileIron made the proposal of electing four prior art references, Good protested that MobileIron was "cut[ting] Good's prior art by *more than half*."[6] That is precisely what the Court adopted. Yet the status of references is otherwise:

| Still Asserted | Dropped |
|---|---|
| Clare | Lange |
| GFE | Maurya |
| AppCental | Kjellberg |
| Nagpal | Kryzanowski |
| Mehta | |

### IV. CONCLUSION

For the foregoing reasons, MobileIron respectfully requests that the Court require Good to select one additional reference to drop from among Clare, GFE, AppCentral, Nagpal, and Mehta.

---

[5] Mao Decl., Ex. 4.
[6] *Id.*, Ex. 5 (emphasis added).

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

MOTION TO PRECLUDE GOOD FROM RELYING ON
MORE THAN 4 PRIOR ART REFERENCES
CV12-05826 PSG

| | |
|---|---|
| Dated: July 19, 2015 | I. NEEL CHATTERJEE<br>VICKIE L. FEEMAN<br>LILLIAN J. MAO<br>GLEN LIU<br>Orrick, Herrington & Sutcliffe LLP<br><br>By:  */s/ Lillian J. Mao*<br>　　　　LILLIAN J. MAO<br>　　Attorneys for Defendant<br>　　MOBILEIRON, INC. |

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

- 3 -

MOTION TO PRECLUDE GOOD FROM RELYING ON
MORE THAN 4 PRIOR ART REFERENCES
CV12-05826 PSG