UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TECHNOLOGY CORPORATION, et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>MOBILEIRON, INC.,<br><br>             Defendant. | Case No. 12-cv-05826-PSG<br><br>**ORDER GRANTING MOTION TO VACATE INVALIDITY FINDINGS**<br><br>**(Re: Docket No. 546, 561)** |

Vacating orders is hard enough when you think you got it wrong. Vacating them when you think you got it right is nearly impossible. Orders to a judge are like offspring: nurtured, loved and consuming of vast personal resources. But the reality is that sometimes after an order is issued, parties can resolve their differences so long as the order is vacated. It's all in the nature of cutting the deal.

In this case, after a long, hard slog through discovery, dispositive motion practice and trial, the parties have settled their dispute.[1] As one deal term, they have agreed that Plaintiffs Good Technology Corporation and Good Technologies Software, Inc. may file an unopposed motion to vacate an order by the court invalidating certain claims of United States Patent No. 6,151,606 for insufficient written description.[2] Good also seeks to vacate, without opposition, the jury's findings that the asserted claims of United States Patent Nos. 7,970,386 and 8,012,219 are

---

[1] *See* Docket No. 558.

[2] *See* Docket No. 424 at 8-9; Docket No. 559 at 1.

1
Case No. 12-cv-05826-PSG
ORDER GRANTING MOTION TO VACATE INVALIDITY FINDINGS

obvious.[3]  In the Ninth Circuit, a district court's discretion to vacate such orders and findings is well-established.  While appellate courts are more restricted,[4] because of "the fact-intensive nature of the inquiry required," district courts exercise "greater equitable discretion when reviewing [their] own judgments."[5]  This is just as true in the context of settlements.[6]

Applying the appropriate "equitable balancing test" here,[7] and its various relevant factors, such as collateral estoppel effect, settlement incentives, public ownership of judicial decisions and expenditure of court resources, the court is persuaded that vacating the order and findings at issue is appropriate.  While judicial decisions are not the private assets of the parties and instead belong to the "legal community as a whole,"[8] no judgment has yet entered, rendering the findings and orders at issue non-final.  Even with a final judgment, the court cannot say that they would be given preclusive effect by another court.  Whatever resources were spent by judge and jury, the effort was hardly a waste if it got the parties to make peace.  If nothing else, it would be difficult to square a refusal to vacate on this basis with this court and others' constant lament that parties should work harder to resolve their differences on their own.

Good's motion to vacate[9] is GRANTED.  Good's motion for judgment as a matter of law[10] is DENIED AS MOOT.

---

[3] *See* Docket No. 543 at 5-6.

[4] *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994).

[5] *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998).

[6] *See id.* at 1169.

[7] *Id.* at 1167, 1169.

[8] *Bonner Mall*, 513 U.S. at 26 (citation omitted).

[9] *See* Docket No. 561.

[10] *See* Docket No. 546.

1  **SO ORDERED.**

2  Dated: December 21, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

3

Case No. 12-cv-05826-PSG
ORDER GRANTING MOTION TO VACATE INVALIDITY FINDINGS